# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# NO. 5:23-cv-00493-FL

| | |
|---|---|
| INTERDIGITAL, INC., INTERDIGITAL VC HOLDINGS, INC., INTERDIGITAL PATENT HOLDINGS, INC., and INTERDIGITAL MADISON PATENT HOLDINGS SAS, <br><br>    Plaintiffs, <br><br>v. <br><br>LENOVO GROUP LIMITED, LENOVO (UNITED STATES) INC., and MOTOROLA MOBILITY LLC., <br><br>    Defendants. | **JURY TRIAL DEMANDED** <br><br> **REPORT OF THE PARTIES' PLANNING MEETING** <br> **Fed. R. Civ. P. 26(f)** |

## I. RULE 26(f) CONFERENCE

On November 3, 2023, counsel for Plaintiffs InterDigital, Inc., InterDigital VC Holdings, Inc., InterDigital Patent Holdings, Inc., and InterDigital Madison Patent Holdings SAS (collectively, "InterDigital") and counsel for Defendants Lenovo (United States) Inc. and Motorola Mobility LLC (collectively, "Lenovo") participated in a telephonic discovery planning conference as follows:

    a.    Wes Achey, Phil Ducker, and Jenny J. Wang of Alston & Bird LLP representing InterDigital; and

    b.    Ray Bennett of Womble Bond Dickinson (US) LLP and Adam Shartzer and Jack R. Wilson of Fish & Richardson for Lenovo.

Defendant Lenovo Group Limited was named as a defendant in the Complaint [DE 1] filed on September 1, 2023 and, as of the date of the conference, had not been served. Consequently, Defendant Lenovo Group Limited did not participate in the conference.

Counsel for InterDigital and Lenovo also had further telephonic and/or email discussions thereafter. Pursuant to Federal Rule of Civil Procedure 26(f), Local Patent Rule 302.1, and this Court's October 13, 2013 Initial Order Regarding Planning and Scheduling [DE 19], the parties submit this Report of the Parties' Planning Meeting, which sets forth the parties' agreement on all issues except with respect to Section IV.F, where the parties' competing proposals are set forth for the Court's consideration.

II. **NATURE AND COMPLEXITY OF THE CASE**

InterDigital brings this action against Lenovo for infringement of its patents under the patent laws of the United States, 35 U.S.C. § 1 et seq. In particular, InterDigital alleges that Lenovo infringes InterDigital's U.S. Patent Nos. 10,250,877, (the "'877 Patent"), 8,674,859 (the "'859 Patent"), and 9,674,556 (the "'556 Patent"), which relate to methods and devices for video encoding and decoding; and U.S. Patent Nos. 9,173,054 (the "'054 Patent") and 8,737,933 (the "'933 Patent") (collectively "the Patents-in-Suit"), which relate to improved methods and devices for the transfer of data (such as files or digital media) between devices in a wireless environment. Lenovo denies that it has infringed the Patents-in-Suit and asserts counterclaims seeking declaratory judgments that it has not infringed the Patents-in-Suit; that the Patents-in-Suit are invalid; and that InterDigital's assertion of patent infringement is made in violation of North Carolina's Abuse Patent Assertions Act (N.C. Gen. Stat. § 75-143(a)(1)).

At this time, the principal factual and legal disputes believed to be involved in the case are: (a) infringement/non-infringement of the Patents-in-Suit; (b) validity/invalidity of the Patents-in-

Suit; (c) damages of not less than a "reasonable royalty" for each infringing act; (d) injunctive relief requested by InterDigital; and (e) attorneys' fees, costs and expenses.

In parallel, InterDigital filed a complaint with the United States International Trade Commission (ITC) pursuant to Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337 ("Section 337") to remedy the alleged unlawful and unauthorized importation, sale for importation, and/or sale within the United States after importation into the United States, of certain Lenovo products alleged to infringe the Patents-in-Suit. The evidentiary hearing in this Investigation, captioned In the Matter of *Certain Electronic Devices, Including Smartphones, Computers, Tablet Computer, and Components Thereof*, Inv. No. 337-TA-1373 (the "ITC case"), is scheduled to proceed on May 8, 2024 to address some of the same issues involved in this case, including the infringement/non-infringement of the Patents-in-Suit, and the validity/invalidity of the Patents-in-Suit.

In the ITC case, fact discovery is scheduled to close on January 17, 2024. Expert discovery will close shortly thereafter on February 28, 2024. The complete agreed-upon procedural schedule is attached as Exhibit 2 to this Report. The parties anticipate that many documents produced in the ITC case may also relate to this matter. In an effort to minimize duplicative discovery efforts, the parties intend to work together to prepare a cross-use agreement so that certain materials produced in the ITC case may be treated by the parties as produced in this case.

### III.  INITIAL DISCLOSURES.

The parties will complete the initial disclosures required by Rule 26(a)(1) by November 17, 2023.

## IV. DISCOVERY PLAN

The parties propose this discovery plan:

### A. Subjects of Discovery

Discovery will be needed on the following subjects: all claims, counterclaims, defenses, and damages alleged by any party in the action.

### B. Commencing and Completing Fact Discovery

The parties further agree that fact discovery shall commence on November 17, 2023. The parties agree that fact discovery shall be completed by 90 days after the entry of a claim construction order.

### C. Proposed Schedule

The parties' proposed schedule is set forth in Exhibit 1 attached hereto. The parties agree to phase discovery by (a) including dates in the proposed schedule for exchange of disclosures of preliminary patent infringement contentions and preliminary patent invalidity contentions (and associated productions of documents); (b) providing dates for conducting discovery relevant to patent claim construction issues as set forth in the proposed schedule; (c) including a date in the proposed schedule for completion of fact discovery 90 days after entry of the patent claim construction order; and (d) providing dates in the proposed schedule for exchanging expert disclosures and conducting expert discovery following completion of fact discovery.

Specifically, the parties agree that:

1. Initial expert witness disclosures and reports shall be served 30 days after the close of fact discovery.

2. Additional parties shall be joined by January 3, 2024.

4

3. The deadline for amending pleadings is January 3, 2024.

4. Dispositive motions shall be filed 30 days after the close of expert discovery.

D. **Limits or Modifications of Discovery Rules**

1. Except where noted below, the parties do not believe any modifications are necessary to the limits on discovery imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

2. InterDigital, collectively, may propound a maximum of 25 interrogatories (including discrete subparts and contention interrogatories). Lenovo, collectively, may propound a maximum of 25 interrogatories (including discrete subparts and contention interrogatories).

3. InterDigital, collectively, may propound a maximum of 40 requests for admission. Lenovo, collectively, may propound a maximum of 40 requests for admission. These limits do not include requests for admission for authentication of documents, which are not limited.

4. The parties agree to produce documents in their possession, custody, or control that are responsive to requests for production of documents promptly and on a rolling basis after service of objections and responses to such requests. The parties propose that production of such documents shall be substantially completed on or before March 1, 2024 for any requests to produce documents served on or before December 15, 2023.

5. The plaintiffs collectively, may take a maximum of ten (10) depositions of fact witnesses. The defendants, collectively, may take a maximum of ten (10) depositions of fact witnesses. The parties may depose disclosed experts, and any such depositions of disclosed experts shall not count against the limit on the number of depositions. A deposition taken

5

pursuant to Fed. R. Civ. P. 30(b)(6) shall be considered a single deposition for purposes of the limit on the number of depositions, regardless of the number of individuals the responding party designates to testify.

6. Unless otherwise stipulated, depositions shall be limited to seven hours in length on a single day, except that depositions pursuant to Fed. R. Civ. P. 30(b)(6) shall be limited to twelve hours in length on two consecutive days.

### E. Protective Order

The parties agree that a protective order governing the use and disclosure of confidential information should be entered in this proceeding. The parties intend to work together to prepare a proposed protective order for the Court's consideration. Pending the entry of a protective order, the parties agree that the Default Patent Protective Order authorized by this Court and appearing on the Court's website shall govern this case.

### F. Privilege

The parties agree that inadvertent disclosure of any document or other information covered by the attorney-client privilege, work-product doctrine, or any other applicable privilege or doctrine shall be without prejudice to any claim that such document or information is privileged and/or protected, and no party shall assert that the producing party has waived any rights by such inadvertent disclosure. As noted, the parties are working together to prepare a proposed protective order, and the parties will incorporate into that order provisions governing the inadvertent production of privileged information and procedures for clawing back such information, consistent with Federal Rule of Evidence 502(d).

The parties further agree that any party withholding production of any documents on the basis of a claim of privilege will serve a privilege log providing, to the extent known, the date,

author, sender, recipient, and a general description of the document by category, as well as the basis for the claim of privilege. The parties will exchange their privilege logs on the date provided for substantial completion of document production. The parties agree, however, that privileged and/or work product documents to or from outside litigation counsel of record concerning the disputes raised in this action dated on or after September 1, 2023 need not be logged.

**InterDigital's Position**: InterDigital additionally proposes that privileged communications between a party client and counsel of record concerning the disputes raised in this action, regardless of the date of the communication, need not be logged. Lenovo's proposal to additionally log pre-filing privileged communications would unfairly burden InterDigital because there will generally be much more work product and many more privileged communications for a plaintiff than for a defendant dated before the filing of a complaint. InterDigital is not seeking the unilateral authority to withhold all documents from discovery if it deems them to be privileged and to "concern[] the disputes raised in this action." Rather, it only seeks to avoid the undue burden of logging pre-filing communications between InterDigital's counsel of record in this litigation that concern this litigation. InterDigital's suggested pre-suit limitation is narrowly tailored to cover only communications between counsel of record and clients with respect to disputes raised in this action. This is a reasonable limitation because all of the communications between counsel of record and a client with respect to a potential lawsuit will be privileged attorney-client communications or work product. *See, e.g.*, *Mon Cherie Bridals, LLC v. Cloudflare*, No. 19-cv-01356-VC (TSH), 2021 WL 1222492, at *3 (N.D. Cal. Apr. 1, 2021) ("[T]he Court declines to order Plaintiffs to log their communications with outside counsel that were retained to represent them in this case,

regardless of whether the communications were before or after the date the complaint was filed."); *Vasudevan Software, Inc. v. IBM*, No. C09-05897 RS (HRL), 2010 WL 3629830, at *6 (N.D. Cal. Sept. 14, 2010) ("Privileged communications . . . that are related to this litigation or attorney work product, regardless of the date made or created need not be included on the parties' privilege logs."); *iSmart Int'l, Ltd. v. I-Docsecure, LLC*, No. C 04-03114 RMW (RS), 2006 WL 2263910, at *3 (N.D. Cal. Aug. 8, 2006) ("[C]orrespondence generated prior to the filing of this action, but in *direct* connection with preparation for the litigation need not be logged.") (emphasis in original).

**Lenovo's Position**: Lenovo is willing to continue exploring ways to minimize the burden on the parties and the Court regarding discovery of privileged material, but cannot agree to InterDigital's proposal. InterDigital's proposal would grant InterDigital the unilateral authority to withhold documents from discovery if it deems them to be privileged and to "concern[] the disputes raised in this action." By automatically shielding these documents from discovery—and automatically exempting them from its privilege log—Lenovo would have no notice or recourse for evaluating InterDigital's privilege claims. This, despite the fact that Lenovo raises several defenses including patent misuse, unclean hands, and estoppel, which implicate pre-suit communications. It is reasonable to infer that InterDigital is in possession of pre-suit discoverable materials relevant to Lenovo's defenses. It is of no moment that InterDigital complains that there will be "generally be much more work product and many more privileged communications for a plaintiff." That, of course, is necessarily true in any litigation—particularly where the plaintiff, like InterDigital here, engages in years of multi-tribunal international litigation against a willing licensee such as Lenovo. Moreover, no discovery rule would grant InterDigital the unilateral authority to dictate the scope of its

8

discovery while shielding its decisions from scrutiny. *See, e.g.*, *Liguria Foods, Inc. v. Griffith Lab'ys, Inc.*, 320 F.R.D. 168, 183 (N.D. Iowa 2017) ("Rule 26(b)(1) does not give any party the unilateral ability to dictate the scope of discovery based on their own view of the parties' respective theories of the case, because litigation in general and discovery in particular are not one sided." (cleaned up)). Further, InterDigital does not provide any authority that would require Lenovo to agree to such a proposal at the outset of this litigation.

At this time, the parties do not anticipate any particular issues relating to claims of privilege or protection as trial-preparation materials. The parties agree to address specific issues relating to claims or privilege or protection and trial-protection materials in their proposed protective order.

### G. Electronically Stored Information (ESI)

The parties anticipate that a portion of the documentary discovery disclosed will be electronically stored information. The parties intend to work together on the extent, scope and handling of discovery of electronically stored information and will endeavor to continue such discussions throughout the initial phases of discovery. The parties will cooperate to produce electronically stored information in mutually agreeable formats and media. The parties do not currently foresee any significant e-discovery issues that would require the Court's intervention.

## V. OTHER ITEMS

### A. Rule 16(b) Conference

Lenovo requests a Rule 16(b) conference prior to entry of a case management order to discuss how this case relates to the co-pending case in the International Trade Commission. Should the Court have any other questions, the parties are happy to discuss those as well during the conference.

### B. Trial

The parties have requested a trial by jury on all issues so triable. At this time, the parties estimate that trial will take approximately 5 days. The parties will work to streamline trial and will notify the Court promptly if they determine that fewer days are needed.

### C. Settlement

This matter has been referred to mediation pursuant to Local Civil Rule 101.1a(b), and the parties propose to conduct the mediation after expert discovery is completed. The parties intend to select a mediator and will advise the Court of the selection within the time specified in Local Civil Rule 101.1c.

### D. Magistrate Judge

Whether a magistrate judge may conduct all proceedings, including trial and entry of judgment, pursuant to U.S.C. § 636(c) (including entry of final judgment, with any appeal directly to the Fourth Circuit Court of Appeals), and Local Rule 73.1): No.

### E. Email Service

The parties agree that all documents will be served by email or by filing them with the Court's CM/ECF system in accordance with Fed. R. Civ. P. 5(b)(2)(e) and 6(d). Such service shall be considered the same as hand delivery under Federal Rules of Civil Procedure 5 and 6 and the Local Civil Rules for purposes of computing responsive deadlines.

If the exhibits to a document (*e.g.,* a brief or motion) are too voluminous to email, then the main document will be sent by email and the exhibits will be made electronically available by ShareFile, or equivalent, at the same time. In this paragraph, "documents" means pleadings, notices, motions, written discovery, written discovery responses, disclosures, and other instruments formally served pursuant to the Federal Rules of Civil Procedure, the Local Civil

10

Case 5:23-cv-00493-FL   Document 26   Filed 11/17/23   Page 10 of 13

Rules, or such Case Management Order as maybe entered by the Court and does not include documents produced in response to requests for production of documents.

### F. Scheduling Issues

At this time, the parties do not anticipate any scheduling issues that will affect the scheduling or course of these proceedings.

### G. Other Issues Specified in Local Patent Rule 302.1

The results of the parties' discussions concerning the issues outlined in Local Civil Rule 302.1 are:

1. The parties agree that the general limits on discovery imposed by the Federal and Local Rules, as modified above, shall apply to discovery taken in this case. The parties agree that there is no need for specific limits on discovery related to claim construction.

2. To the extent that a claim construction hearing is necessary, the Parties do not anticipate a need for live testimony at the claim construction hearing. If the Court desires, the parties can present a brief technology tutorial before the Court hears arguments from the parties on claim construction.

3. The parties propose that arguments on claim construction should proceed a term-by-term basis with Plaintiff's counsel presenting first as to a given term, followed by responsive arguments from Defendant's counsel on that term. The parties intend to revisit these issues upon completion of claim construction briefing and will inform the Court promptly in the event of any change in their current view.

4. At this time, the parties do not request a claim construction prehearing conference. The parties intend to revisit this issue upon completion of claim construction briefing and will inform the Court promptly in the event of any change in their current view.

5. The parties do not propose bifurcation of discovery for infringement/non-infringement, validity/invalidity, or damages issues.

6. The parties do not anticipate the need for a special master in this case.

7. The parties are discussing whether modifications to the standard protective order are needed.

Dated: November 17, 2023

/s/ Adam Shartzer
Raymond M. Bennett (NC Bar No. 36341)
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Telephone: 919-755-2158
Facsimile: 919-755-6068
Ray.Bennett@wbd-us.com

Jacob S. Wharton (NC Bar No. 37421)
WOMBLE BOND DICKINSON (US) LLP
One West 4th St.
Winston-Salem, North Carolina 27601
Telephone: 919-747-6609
Jacob.Wharton@wbd-us.com

Adam Shartzer
FISH & RICHARDSON P.C.
1000 Maine Ave SW
Washington, D.C. 20024
Telephone: 202-626-6380
shartzer@fr.com
*Special Appearance Pursuant to L.R. 83.1*

Jack R. Wilson IV
FISH & RICHARDSON P.C.
1000 Maine Ave SW
Washington, D.C. 20024
Telephone: 202-626-6415
jwilson@fr.com

Respectfully Submitted,

/s/ M. Scott Stevens
M. Scott Stevens
NC State Bar No. 37828
**ALSTON & BIRD LLP**
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Telephone: 704-444-1025
Fax: 704-444-1935
scott.stevens@alston.com

Philip C. Ducker
CA State Bar No. 262644
Katherine G. Rubschlager
CA State Bar No. 328100
**ALSTON & BIRD LLP**
560 Mission Street, Suite 2100
San Francisco, CA 94105
Telephone: 415-243-1000
Fax: 415-243-1001
phil.ducker@alston.com
katherine.rubschlager@alston.com
*Special Appearance Pursuant to L.R. 83.1 Forthcoming*

Ryan W. Koppelman
CA State Bar No. 290704
**ALSTON & BIRD LLP**
333 S. Hope St., 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

| | |
|---|---|
| *Special Appearance Pursuant to L.R. 83.1 Forthcoming Attorneys for Lenovo (United States) Inc. and Motorola Mobility LLC* | ryan.koppelman@alston.com<br>*Special Appearance Pursuant to L.R. 83.1 Forthcoming*<br><br>Neal A. Larson<br>GA State Bar No. 599069<br>TX State Bar No. 24106190<br>**ALSTON & BIRD LLP**<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br>Telephone: (404) 881-7000<br>Facsimile: (404) 881-7777<br>neal.larson@alston.com<br>*Special Appearance Pursuant to L.R. 83.1 Forthcoming*<br><br>Jenny J. Wang<br>NC State Bar No. 61255<br>**ALSTON & BIRD LLP**<br>555 Fayetteville Street, Suite 600<br>Raleigh, NC 27601<br>Telephone: (919) 862-2200<br>Facsimile: (919) 862-2260<br>jenny.wang@alston.com<br>*Special Appearance Pursuant to L.R. 83.1 Forthcoming*<br><br>*Attorneys for Plaintiffs InterDigital, Inc. InterDigital VC Holdings, Inc., InterDigital Patent Holdings, Inc., and InterDigital Madison Patent Holdings SAS* |