IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-CV-00493-FL

| | |
|---|---|
| INTERDIGITAL INC., <br> INTERDIGITAL VC HOLDINGS, INC., <br> INTERDIGITAL PATENT HOLDINGS, INC., and <br> INTERDIGITAL MADISON PATENT HOLDINGS SAS, <br>　　　　Plaintiffs, <br>　v. <br><br> LENOVO GROUP LIMITED, <br> LENOVO (UNITED STATES) INC., and <br> MOTOROLA MOBILITY LLC, <br>　　　　Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS LENOVO (UNITED STATES) INC. AND MOTOROLA MOBILITY LLC'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS COUNT III OF LENOVO'S COUNTERCLAIMS WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(B)(6)**

i

## I. INTRODUCTION

On September 1, 2023, InterDigital, Inc., InterDigital VC Holdings, Inc., InterDigital Patent Holdings, Inc., and InterDigital Madison Patent Holdings SAS (collectively, "InterDigital" or "Plaintiffs") accused Lenovo (United States) Inc. and Motorola Mobility LLC (collectively, "Lenovo")[1] of infringing United States Patent Nos. 10,250,877; 8,674,859; 9,674,556; 9,173,054, and 8,737,933. ECF No. 1, ¶ 2; *see also* ECF No. 1 at Exs. 4, 5 (attaching U.S. Pat. Nos. 9,173,054 and 8,737,933). In sweeping terms, InterDigital alleges Lenovo's laptop computers (e.g., the ThinkPad X1 Carbon Gen. 10), desktop computers, tablets, and smartphones infringe one or more of these patents. ECF No. 1, ¶¶ 85-86, 98-99.

On October 10, 2023, Lenovo responded to the Complaint in two ways. First, Lenovo filed a motion to dismiss certain counts under Fed. R. Civ. P. 12(b)(6) because Lenovo alleges U.S. Pat. Nos. 9,173,054 and 8,737,933 are not drawn to patent-eligible subject matter under 35 U.S.C. § 101. ECF No. 13. Second, Lenovo answered the complaint and served three counterclaims. ECF No. 16-1.

On October 31, 2023, InterDigital filed a First Amended Complaint accusing Lenovo of infringing the same five U.S. patents noted above. ECF No. 20, ¶ 2. That same day, InterDigital also responded to Lenovo's counterclaims. ECF No. 23. And Plaintiffs also moved to dismiss Lenovo's counterclaims regarding InterDigital's violation of the North Carolina's Abusive Patent Assertions Act ("NCAPAA"), N.C. Gen. Stat. §§ 75-140 et seq., under Rule 12(b)(6). ECF No. 21.

---

[1] This motion is on behalf of defendants Lenovo (United States) Inc. and Motorola Mobility LLC and not on behalf of Lenovo Group Limited.

On November 21, 2023, Lenovo answered the First Amended Complaint and amended its counterclaim under North Carolina's Abusive Patent Assertions Act ("NCAPAA"). *See* N.C. Gen. Stat. §§ 75-140 et seq.

## II. PLAINTIFFS' MOTION TO DISMISS LENOVO'S ORIGINAL COUNTERCLAIM IS MOOT

Lenovo's Amended Counterclaims renders Defendants' Motion to Dismiss (ECF No. 21) moot, and the motion should be denied. As with any pleading, Rule 15 provides that a party may amend its pleading "as a matter of course" up to, and including, 21 days after service of a motion under Rule 12(b)(6). *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)[.]"). Rule 7 confirms that a counterclaim is a pleading that may be amended. Fed. R. Civ. P. 7(a). So amended, the amended counterclaims become operative. *See Colborn v. Forest Good Eats, LLC*, No. 5:19-CV-431-D, 2020 WL 5629765, at *2 (E.D.N.C. Sept. 21, 2020) (following amendment to answer as a matter of right, the Court held "defendants' original answer is no longer operative, and the court dismisses as moot Colborn's motion to dismiss defendants' counterclaims."); *see also Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) ("a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case").

Lenovo properly filed its Amended Counterclaims "as a matter of course" within 21 days of Plaintiffs' filing of its Rule 12(b)(6) motion to dismiss Count III of Lenovo's original counterclaims. *See* ECF No. 27 (Amended Counterclaim filed November 21, 2023); ECF No. 21 (Plaintiffs' Rule 12(b)(6) motion to dismiss filed October 31, 2023). Thus, Plaintiffs' 12(b)(6) motion (ECF No. 21) is moot, and should therefore be denied.

**III. CONCLUSION**

For the forgoing reasons, Lenovo respectfully requests that the Court deny Plaintiffs' Motion to Dismiss Count III of Lenovo's Counterclaims under Fed. R. Civ. P. 12(b)(6) as moot.

This 21st day of November 2023.

/s/ Raymond M. Bennett
Raymond M. Bennett (NC Bar No. 36341)
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Telephone: 919-755-2158
Facsimile: 919-755-6068
Ray.Bennett@wbd-us.com

Jacob S. Wharton (NC Bar No. 37421)
WOMBLE BOND DICKINSON (US) LLP
One West 4th St.
Winston-Salem, North Carolina 27601
Telephone: 919-747-6609
Jacob.Wharton@wbd-us.com

Adam Shartzer
FISH & RICHARDSON P.C.
1000 Maine Ave SW
Washington, D.C. 20024
Telephone: 202-626-6380
shartzer@fr.com
*Special Appearance Pursuant to L.R. 83.1*

Jack R. Wilson IV
FISH & RICHARDSON P.C.
1000 Maine Ave SW
Washington, D.C. 20024
Telephone: 202-626-6415
jwilson@fr.com
*Special Appearance Pursuant to L.R. 83.1*
*Forthcoming*

*Attorneys for Lenovo (United States) Inc. and Motorola Mobility LLC*