IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:23-CV-00493-FL

| | |
|---|---|
| INTERDIGITAL, INC., INTERDIGITAL VC HOLDINGS, INC., INTERDIGITAL PATENT HOLDINGS, INC., AND INTERDIGITAL MADISON PATENT HOLDINGS SAS,<br><br>  Plaintiff,<br><br>vs.<br><br>LENOVO GROUP LIMITED, LENOVO (UNITED STATES) INC., AND MOTOROLA MOBILITY LLC,<br><br>  Defendants. | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR CONSENT MOTION
TO SEAL PORTIONS OF DEFENDANTS' AMENDED COUNTERCLAIMS**

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 26(c), and Local Rules 7.1 and 79.2, Plaintiffs[1] respectfully submit this Memorandum in Support of their Consent Motion to File Under Seal Portions of Defendants'[2] Amended Counterclaims ("Amended Counterclaims"). On November 21, 2023, Lenovo filed its Amended Counterclaims provisionally under seal. Paragraph 190 of the Amended Counterclaims and Exhibit G thereto contain InterDigital's confidential commercial information discussed during the licensing negotiations between InterDigital and Lenovo, all of which is subject to a Non-Disclosure Agreement between the parties. Exhibit G is a letter sent from Lenovo to InterDigital dated the same day Lenovo filed its Amended Counterclaims, November 21, 2023, purporting to summarize, from Lenovo's perspective at least, the lengthy negotiation history between the parties, and it appears Exhibit G was created specifically to attach to Lenovo's Amended Counterclaims. The public dissemination of the confidential information contained in Exhibit G and corresponding paragraph 190, even if not wholly accurate, would harm InterDigital's ability to fairly negotiate patent licenses with Lenovo and with other third parties. The NDA between the parties obligates Lenovo to protect the confidentiality of InterDigital's confidential information and prohibits many uses by Lenovo of InterDigital's confidential information outside of their ongoing negotiations, including prohibitions against use in certain case filings. As Lenovo acknowledged in its previous motion to seal its original counterclaims, "[t]he information sought to be sealed consists of confidential and competitively sensitive valuation information . . . which is subject to a non-disclosure agreement." Dkt. No. 17, at 1. Furthermore, Lenovo has consented to this motion by agreeing in writing that it would not oppose this motion to seal. Therefore, InterDigital respectfully requests this Court grant this Consent Motion to File Under Seal Portions of Defendants' Amended Counterclaims.

---

[1] InterDigital, Inc., InterDigital VC Holdings, Inc., InterDigital Patent Holdings, Inc., and InterDigital Madison Patent Holdings SAS's (collectively, "InterDigital" or "Plaintiffs")

[2] Defendants Lenovo (United States) Inc. and Motorola Mobility LLC's (collectively, "Lenovo or Defendants"). Defendant Lenovo Group Limited did not lodge any counterclaims.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c)(l), a court may, for "good cause," order sealing or other limitations to protect a party's confidential information. The discretion afforded the court is broad and must be "exercised in light of the relevant facts and circumstances of the particular case." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978)). The Fourth Circuit has explicitly set forth the standards and procedure for maintaining documents under seal. A court considering a motion to maintain documents under seal must first determine the nature of the information and the public's right to access. *Stone v. Univ. of Md. Medical Sys., Corp.*, 855 F.2d 178, 180 (4th Cir. 1988); *Sempowich v. Tactile Sys. Tech., Inc.*, No. 5:18-CV-488-D, 2020 WL 2789792, at *1 (E.D.N.C. May 29, 2020). Although there is a general presumption that the public has the right to access documents in the files of the courts, this presumption may be overcome "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

To grant a motion to seal, the Court must comply with certain substantive and procedural requirements. *Wash. Post*, 386 F.3d at 576. Substantively, the Court first must determine the source of the right of public access with respect to each document, or portion thereof, to be sealed. *Stone*, 855 F.2d at 180; *Hall v. United Air Lines, Inc.*, 296 F. Supp. 2d 652, 679 (E.D.N.C. 2003), *aff'd sub nom. Hall v. Am. Airlines, Inc.*, 118 F. App'x 680 (4th Cir. 2004). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Wash. Post*, 386 F.3d at 575. The strength of the public's right of access varies depending on which of these sources applies in a given case. *See U.S. Tobacco, Inc. v. Big South Wholesale of Virginia, LLC*, No. 5:13-CV-527, 2014 WL 2085332, at *1 (E.D.N.C. May 19, 2014) (recognizing that the strength of the public's right of access varies depending on whether it is derived from common law or the First Amendment).

Where the documents sought to be sealed are not submitted in support of or opposition to any motion seeking dispositive relief, the right of access arises under common law, not the First

Amendment. *See Covington v. Semones*, No. 7:06-CV-614, 2007 WL 1170644, at *2 (W.D. Va. Apr. 17, 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access."). Although there is a presumption that the public may have access to judicial records and documents, this access is proscribed by a party's right to privacy and to protect trade secrets and confidential and proprietary business information. *See Nixon*, 435 U.S. at 598 (noting that public access may be inappropriate for "business information that might harm a litigant's competitive standing"); *Glaxo Inc. v. Novopharm Ltd.*, 931 F. Supp. 1280, 1299 (E.D.N.C. 1996). "The 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm' is a recognized exception to the 'presumptive openness of judicial proceedings.'" *Sempowich*, 2020 WL 2789792, at *2 (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070-71 (3d Cir. 1984)).

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Wash. Post*, 386 F.3d at 575. The presumption "can be rebutted if countervailing interests heavily outweigh the public interest in access." *Id*. (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether the release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d at 235).

Procedurally, the district court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 302. Notably, however, public notice is satisfied through the docketing of a party's motion to seal. *Stone*, 855

F.2d at 181; *Blow v. Murphy-Brown, LLC*, No. 7:14-CV-232, 2021 WL 6106213, at *1 (E.D.N.C. May 19, 2021).

### III. NATURE OF THE CASE AND STATEMENT OF FACTS

On September 1, 2023, InterDigital filed complaints for patent infringement against Lenovo in both the International Trade Commission and in the Eastern District of North Carolina, in both instances accusing Lenovo of infringing five of InterDigital's U.S. Patents. *See* Dkt. No. 1, ¶ 2; Dkt. No. 27, ¶ 188. Lenovo had a statutory right to stay this case pending the resolution of the co-pending ITC case but did not invoke the stay within the required time. *See* 28 U.S. Code § 1659. On October 10, 2023, Lenovo answered and counterclaimed under North Carolina's Abusive Patent Assertions Act ("APAA"). *See* N.C. Gen. Stat. §§ 75-140 et seq; Dkt. No. 15. Lenovo moved to seal its original counterclaims. Dkt. No. On October 31, 2023, InterDigital moved to dismiss Lenovo's APAA counterclaim. Dkt. No. 21. On November 21, 2023, Lenovo mooted InterDigital's motion by filing its Amended Counterclaims. Dkt. No. 27. It attached new Exhibit G – a letter from Lenovo to InterDigital dated November 21, 2023 – to its Amended Counterclaims. Dkt. No. 27-7. This time, Lenovo only sought to seal its filing provisionally. Dkt. No. 28.

### IV. ARGUMENT

Lenovo's Amended Counterclaims reflect confidential information that should be filed under seal. The relevant factors for sealing are discussed in turn below. The information to be sealed was conveyed during confidential negotiations between the parties that are subject to a non-disclosure agreement, and a description of that information to be sealed is contained in Exhibit G and Paragraph 190 of Lenovo's Amended Counterclaims. For the reasons set forth below, InterDigital respectfully requests that the Court enter an order sealing Exhibit G and Paragraph 190 of Lenovo's Amended Counterclaims.

### A. InterDigital's interest in protecting its confidenptial information outweighs the public interest.

Here, InterDigital seeks to seal confidential business information reflected in Paragraph 190 and Exhibit G. The Amended Counterclaims are not a dispositive, pre-trial motion and have no bearing on the substantive rights of the parties and, therefore, does not implicate the public right of access guaranteed by the First Amendment. *See, e.g.*, *Wash. Post*, 386 F.3d at 580. Accordingly, the lesser right of access under the common law is applicable to determine whether the Court should seal Paragraph 190 and Exhibit G of Lenovo's Amended Counterclaims.

In applying this standard, the courts have repeatedly recognized that a party's interest in protecting proprietary, sensitive, or otherwise confidential information from public dissemination will often outweigh the public's interest in accessing such information. *See Nixon*, 435 U.S. at 598 (noting that public access may be inappropriate for "business information that might harm a litigant's competitive standing"); *Sempowich*, 2020 WL 2789792, at *4-5 (collecting cases and finding that sealing the information was "essential to protect its confidential information"); *Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 656-57 (M.D.N.C. 2013) (holding that "certain marketing [and] sales" information should be sealed as it was "not ordinarily public" and would cause "harm[ ] by public disclosure"). The same is true here. The information sought to be sealed is of a similar character as discussed in these cases. Therefore, the sealing of the limited information at issue here is appropriate.

### B. InterDigital's request complies with the Fourth Circuit's procedural requirements.

#### 1. Public notice requirements have been satisfied.

The Fourth Circuit requires that the public be provided notice of any request to seal judicial documents and a reasonable opportunity to object to any such request. *Ashcraft*, 218 F.3d at 302. This requirement is satisfied through the docketing of a party's motion to seal. *Stone*, 855 F.2d at 181; *Blow*, 2021 WL 6106213, at *1. At this time, InterDigital is not aware of any party that objects to this motion. Nonetheless, the public will have sufficient time to respond and lodge any objections before the Court is anticipated to rule on this motion.

## 2. InterDigital seeks the least drastic option.

Under Federal law, the redaction of confidential material is generally considered a less drastic alternative to filing an entire document or motion under seal. *SMD Software, Inc. v. EMove, Inc.*, No. 5:08-CV-403-FL, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (allowing in part motion to seal confidential pricing, market strategies, expense information, and revenue and revenue growth information, and directing copies with only redacted information be filed); *Bell v. Shinseki*, No. 1:12-CV-57, 2013 WL 3157569, at *9 (M.D.N.C. June 20, 2013), *aff'd*, 584 F. App'x 42 (4th Cir. 2014). Recognizing this preference, InterDigital has carefully selected only those portions of the Amended Counterclaims that require redacting, such that it proposes only the most sensitive information be omitted from the public record. The portions of the Amended Counterclaims that InterDigital seeks to maintain under seal constitute limited information in just one paragraph and the corresponding exhibit of the Amended Counterclaims. Moreover, because Lenovo's pleading spans nearly 200 paragraphs, only an extremely small percentage of the Amended Counterclaims would be shielded from the public. At the present time, InterDigital is not aware of any less drastic means for protecting its sensitive commercial information from public disclosure than the minimal redactions proposed here.

## 3. Specific facts support sealing the requested information.

The contents of Paragraph 190 relate to confidential financial exchanges and proposals regarding patent licensing, including specific financial proposals conveyed by InterDigital to Lenovo pursuant to a non-disclosure agreement. The public dissemination of such competitively-sensitive and commercially-valuable information would harm InterDigital's ability to fairly negotiate patent licenses with Lenovo and with other third parties. Moreover, public dissemination of this information may also cause Lenovo to breach its non-disclosure agreement, thereby furthering hindering the parties' ability to continue negotiations. Accordingly, maintaining this limited information under seal is appropriate.

## V. CONCLUSION

For the foregoing reasons, InterDigital respectfully requests this Court grant this Consent Motion to Seal Portions of Defendants' Amended Counterclaims.

This 28th day of November 2023.

Respectfully Submitted,
/s/ M. Scott Stevens
M. Scott Stevens
NC State Bar No. 37828
**ALSTON & BIRD LLP**
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Telephone: 704-444-1025
Fax: 704-444-1935
scott.stevens@alston.com

Philip C. Ducker
CA State Bar No. 262644
Katherine G. Rubschlager
CA State Bar No. 328100
**ALSTON & BIRD LLP**
560 Mission Street, Suite 2100
San Francisco, CA 94105
Telephone: 415-243-1000
Fax: 415-243-1001
phil.ducker@alston.com
katherine.rubschlager@alston.com
*Special Appearance Pursuant to L.R. 83.1 Forthcoming*

Ryan W. Koppelman
CA State Bar No. 290704
**ALSTON & BIRD LLP**
333 S. Hope St., 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
ryan.koppelman@alston.com
*Special Appearance Pursuant to L.R. 83.1 Forthcoming*

Neal A. Larson
GA State Bar No. 599069

TX State Bar No. 24106190
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
neal.larson@alston.com
*Special Appearance Pursuant to L.R. 83.1*
*Forthcoming*

Jenny J. Wang
NC State Bar No. 61255
**ALSTON & BIRD LLP**
555 Fayetteville Street, Suite 600
Raleigh, NC 27601
Telephone: (919) 862-2200
Facsimile: (919) 862-2260
jenny.wang@alston.com
*Special Appearance Pursuant to L.R. 83.1*
*Forthcoming*

*Attorneys for Plaintiffs*
*InterDigital, Inc. InterDigital VC Holdings, Inc.,*
*InterDigital Patent Holdings, Inc., and*
*InterDigital Madison Patent Holdings SAS*

8

## CERTIFICATE OF COMPLIANCE WITH LR 7.2(f)(3)(A)

Pursuant to Local Rule 7.2(f)(3)(A) of the Local Civil Rules of Practice and Procedure, counsel for the undersigned, hereby certifies that the foregoing brief, which is prepared using Times New Roman 12-point proportional font, contains fewer than 8400 words.

                                              */s/ M. Scott Stevens*
                                              M. Scott Stevens
                                              NC State Bar No. 37828
                                              **ALSTON & BIRD LLP**
                                              Vantage South End
                                              1120 South Tryon Street, Suite 300
                                              Charlotte, NC 28203
                                              Telephone: 704-444-1025
                                              Fax: 704-444-1935
                                              scott.stevens@alston.com

                                              *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR CONSENT MOTION TO SEAL PORTIONS OF DEFENDANTS' AMENDED COUNTERCLAIMS has been served on all counsel of record via the CM/ECF system on November 28, 2023.

    /s/ M. Scott Stevens
M. Scott Stevens
NC State Bar No. 37828
**ALSTON & BIRD LLP**
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Telephone: 704-444-1025
Fax: 704-444-1935
scott.stevens@alston.com

*Counsel for Plaintiffs*