**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
**NO. 5:23-CV-00493-FL**

| | | |
|---|---|---|
| INTERDIGITAL INC.,<br>INTERDIGITAL VC HOLDINGS, INC.,<br>INTERDIGITAL PATENT HOLDINGS,<br>INC., and<br>INTERDIGITAL MADISON PATENT<br>HOLDINGS SAS,<br>        Plaintiffs,<br>   v.<br><br>LENOVO GROUP LIMITED,<br>LENOVO (UNITED STATES) INC., and<br>MOTOROLA MOBILITY LLC, and<br>LENOVO PC HK LIMITED,<br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ANSWER, AFFIRMATIVE AND<br>ADDITIONAL DEFENSES TO<br>THE SECOND AMENDED<br>COMPLAINT |

**DEFENDANT LENOVO PC HK LIMITED'S ANSWER AND AFFIRMATIVE AND
ADDITIONAL DEFENSES TO THE SECOND AMENDED COMPLAINT**

Defendant Lenovo PC HK Limited ("Lenovo-HK") by and through its attorneys, files its

Answer and Affirmative and Additional Defenses to Plaintiff InterDigital, Inc., InterDigital VC

Holdings, Inc., InterDigital Patent Holdings, Inc., and InterDigital Madison Patent Holdings

SAS's (collectively, "InterDigital" or "Plaintiffs") Second Amended Complaint ("Complaint")

for patent infringement. Lenovo-HK responds to the allegations contained in the numbered

paragraphs of InterDigital's Complaint below. Lenovo-HK denies all allegations and

characterizations in InterDigital's Complaint unless expressly admitted in the following

paragraphs.

## INTRODUCTION AND NATURE OF ACTION[1]

1.      Admitted.

2.      The allegations of paragraph 2 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

3.      The allegations of paragraph 3 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

4.      Lenovo-HK admits InterDigital's Complaint seeks damages and other relief.  The remaining allegations of paragraph 4 contain legal conclusions to which no response is required. If a response is required, Lenovo-HK denies them.

5.      Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and therefore denies them.

6.      Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and therefore denies them.

7.      Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and therefore denies them.

8.      Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies them.

9.      Lenovo-HK admits that Lenovo PC HK Limited is a corporation operating under the laws of Hong Kong with its principal place of business at 23rd Floor, Lincoln House, Taikoo Place, 979 King's Road, Quarry Bay, Hong Kong SAR.  Lenovo-HK admits that Lenovo PC HK is a subsidiary of Lenovo Group Limited.  Lenovo-HK Limited lacks knowledge or information

---

[1] For ease of reference, the headings from InterDigital's Complaint are used herein.  Such use is for convenience, and does not indicate that Lenovo-HK admits or agrees with any text of any headings re-used herein.

2

sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the Complaint, and therefore denies them.

10.     Lenovo-HK admits Lenovo (United States) Inc. ("Lenovo USA") is, indirectly, a wholly-owned subsidiary of Lenovo Group Limited.  Lenovo-HK admits Lenovo USA is incorporated in Delaware and has done business in this District.  Lenovo-HK admits a key operation center is located at 8001 Development Dr., Morrisville, North Carolina 27560. Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint, and therefore denies them.

11.     Lenovo-HK admits Motorola Mobility LLC ("Motorola") is, indirectly, a wholly-owned subsidiary of Lenovo Group Limited.  Lenovo-HK admits Motorola is incorporated in Delaware and maintains a facility at 222 W. Merchandise Mart Plaza, Suite 1800, Chicago, Illinois 60654.  Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint, and therefore denies them.

## JURISDICTION AND VENUE

12.     Lenovo-HK admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13.     Lenovo-HK admits this Court has personal jurisdiction over it.  The remaining allegations of paragraph 13 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

14.     Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore denies them.

15.     The allegations of paragraph 15 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

3

16.     Lenovo-HK admits Lenovo (United States) Inc. maintains facilities located at 8001 Development Dr., Morrisville, North Carolina 27560 and 6540 Franz Warner Pkwy, Whisett, North Carolina 37477.  The remaining allegations of paragraph 16 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

17.     Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore denies them.  The allegations of paragraph 17 also contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

18.     The allegations of paragraph 18 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

19.     Lenovo-HK admits that Motorola Mobility LLC has a place of business at 8001 Development Dr., Morrisville, North Carolina 27560.  The remaining allegations of paragraph 19 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

20.     Lenovo-HK admits Motorola is, indirectly, a wholly-owned subsidiary of Lenovo-HK.  Lenovo-HK admits products bearing the name "motorola" are available for purchase at https://www.lenovo.com/us/en/phones/.  The remaining allegations of paragraph 20 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

21.     Lenovo-HK denies the allegations in paragraph 21.

22.     Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and therefore denies them.

23.     The allegations of paragraph 23 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

24.     Lenovo-HK admits the LinkedIn profile for Mr. Gregg Locher states he "was recruited for 2nd international assignment in China to help lead the merging of Lenovo and Motorola smart phone supply chain operations" at https://www.linkedin.com/in/gregglocher/.  Lenovo-HK admits the LinkedIn profile for Mr. Gregg Locher states "Raleigh-Durham-Chapel Hill Area."  Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint, and therefore denies them.

25.     Lenovo-HK admits the LinkedIn profile for Frederick DiBerto states he works for Lenovo and Motorola.  Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint, and therefore denies them.

26.     Lenovo-HK admits the LinkedIn profile for Ritch Russ states he works for Lenovo.  Lenovo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint, and therefore denies them.

27.     The allegations of paragraph 27 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

## FACTUAL BACKGROUND

28.     Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and therefore denies them.

29.     Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and therefore denies them.

30.     Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and therefore denies them.

31.     Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, and therefore denies them.

32.     Lenovo-HK admits Lenovo products are sold in the United States and include "various cellular, wireless, and video devices—including smartphones, computers, tablets, and components thereof." Lenovo-HK admits "[c]onsumers use these products to utilize and enjoy a variety of audiovisual, entertainment, and social media services in the United States." Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, and therefore denies them.

## THE PATENTS-IN-SUIT[2]

33.     Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and therefore denies them.

34.     Lenovo-HK admits U.S. 10,250,877, (the "'877 Patent") is entitled "Method and Device for Coding an Image Block, Corresponding Decoding Method and Decoding Device," issued on April 2, 2019, and names Philippe Bordes, Pierre Andrivon, and Philippe Salmon as inventors. Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the Complaint, and therefore denies them.

35.     Lenovo-HK admits U.S. 8,674,859 (the "'859 Patent") Patent is entitled "Methods for Arithmetic Coding and Decoding and Corresponding Devices," issued on March 18, 2014, and names Philippe Bordes, Dominique Thoreau, Jerome Vieron, and Edouard Francois as

---

[2] Lenovo-HK expressly incorporates by reference the patents attached to the Complaint, ECF No. 1, as Exhibits 1-5.

6

inventors. Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint, and therefore denies them.

36. Lenovo-HK admits U.S. 9,674,556 (the "'556 Patent") is entitled "Methods and Apparatus for in-Loop De-Artifact Filtering," issued on June 6, 2017, and names Meng-Ping Kao, Peng Yin, and Divorra Escoda as inventors. Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 of the Complaint, and therefore denies them.

37. Lenovo-HK admits U.S. 9,173,054 (the "'054 Patent") is entitled "Data Transfer Between Wireless Devices," issued on October 27, 2015, and names Alan G. Carlton and Alexander Reznik as inventors. Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 of the Complaint, and therefore denies them.

38. Lenovo-HK admits U.S. 8,737,933 (the "'933 Patent") is entitled "Data Transfer Between Wireless Devices," issued on May 27, 2014, and names Alan G. Carlton and Alexander Reznik as inventors. Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 of the Complaint, and therefore denies them.

39. The allegations of paragraph 39 contain legal conclusions to which no response is required. If a response is required, Lenovo-HK denies them.

40. The allegations of paragraph 40 contain legal conclusions to which no response is required. If a response is required, Lenovo-HK denies them. Lenovo-HK further responds as follows:

- The limitation of claim 1 of the '054 patent requiring "[a] method performed by a wireless transmit/receive unit (WTRU), the method comprising:" is disclosed in prior art such as U.S. Pat. Pub. No. 2007/0011335 A1 ("Burns"), Exhibit A, and U.S. Pat. Pub. No. 2007/0135046 A1 ("Kapur"), Exhibit B.

- Burns is a United States Patent Publication that published on January 11, 2007 from an application filed on Jul. 7, 2006. Burns is entitled "Using Bluetooth to establish ad-hoc connections between non-Bluetooth wireless communication modules." Burns discloses "an electronic device that is equipped with a Bluetooth radio and one or more other communication modules [that] can seamlessly switch from using Bluetooth, to using the alternative communication module, with no perceivable change to the user other than a higher speed data transfer." Burns at [0010].

- Kapur is a United States Patent Publication published on June 14, 2007 from an application filed on May 9, 2006. Kapur is entitled "Method and system for bluetooth® common signaling for non-bluetooth® data channels." Kapur discloses that "Bluetooth® may be used to establish a connection between two or more Bluetooth®-enabled devices and a high-speed data link between the Bluetooth®-enabled devices may be used for communicating data, such as voice data and/or multimedia data, for example." Kapur at [0022].

- The limitation of claim 1 of the '054 patent requiring "processing, by the WTRU from a touch display, an input to select media in an application" is disclosed in prior art such as U.S. Pat. Pub. No. 2008/0152263 A1 ("Harrison"), Exhibit C.

8

- Harrison is a United States Patent Publication published on June 26, 2008 from an application filed on Jan. 21, 2008. Harrison is entitled "Data transfer using hand-held device." Harrison discloses that "FIG. 3 depicts an example of a file transfer method 300 that may be implemented using the device 100" where "[a] particular file may be selected, e.g., by touching it, in the case of a touch screen." Harrison at [0027].

- The limitation of claim 1 of the '054 patent requiring "detecting, by the WTRU over bluetooth, another WTRU" is disclosed in prior art such as Burns and Kapur.

- Burns discloses that "Bluetooth technology's unrivaled support for ad hoc networking, enabling devices from many different manufacturers to discover each other, determine their common features, and establish secure connections 'on the fly'." Burns at [0019].

- Kapur disclose that "Bluetooth® protocol stack may be used to discover, establish, maintain, or close data connections of non-Bluetooth® technologies such as LAN and PAN protocols including 802.11 and variants, wireless USB, and technologies that operate in the UWB bands. By using Bluetooth as a common signaling for one or more non-Bluetooth physical wireless links, higher data rates may be achieved for existing Bluetooth® profiles and/or new functionality may be provided to define the new profiles." Kapur at [0022].

- The limitation of claim 1 of the '054 patent requiring "processing, by the WTRU, another input from the touch display to select the another WTRU" is disclosed in prior art such as U.S. Pat. Pub. No. 2002/0065868 A1 ("Lunsford"), Exhibit D.

9

- Lunsford is a United States Patent Publication published on May 30, 2002 from an application filed on Nov. 30, 2000. Lunsford is entitled "Method and system for implementing wireless data transfers between a selected group of mobile computing devices." Lunsford discloses that "a list of PIDs within communications range are presented to the user through the device's interface (e.g., as shown in FIG. 6C). As described above, the user's PID can be configured to present a dialog box to allow the selection of particular recipients for the data transfer. In step 803, the user selects at least one of the mobile computing devices from the list for a data transfer." Lunsford at [0072]. Lunsford also discloses that its "display input 52 may receive data inputs, such as graphical data inputs, from a user of the PID 12. The graphical data inputs are preferably entered by the user with a stylus on a pressure sensitive display screen." *Id.* at [0050].

- The limitation of claim 1 of the '054 patent requiring "sending, by the WTRU to the selected another WTRU, a message to transfer the selected media" is disclosed in prior art such as Burns.

- Burns discloses that "Unit A sends a CONNECT DATA REQUEST message containing the local Channel ID (CID) and the remote Channel ID. Then a CONNECT DATA RSP message is returned from the remote unit (Unit B) over the new IP channel." Burns at [0046].

- The limitation of claim 1 of the '054 patent requiring "receiving, by the WTRU, an acceptance to transfer the selected media" is disclosed in prior art such as Burns.

- Burns discloses that "Unit A sends a CONNECT DATA REQUEST message containing the local Channel ID (CID) and the remote Channel ID. Then a CONNECT DATA RSP message is returned from the remote unit (Unit B) over the new IP channel."  Burns at [0046].

- The limitation of claim 1 of the '054 patent requiring "transferring, by the WTRU to the selected another WTRU over WiFi, the selected media" is disclosed in prior art such as Burns, Kapur, and U.S. Pat. Pub. No. 2006/0146765 A1 ("Van de Sluis"), Exhibit E.

- Burns discloses that "even the fastest Bluetooth devices operate at data rates below 3 megabits per second. While this is perfectly acceptable for many applications it is unacceptable for applications such as high resolution image transfer or music file synchronization. This bandwidth limitation is also inadequate for transmitting conventional audio or high definition video. Other networked technologies offer significant higher data rates. WiFi for example supports data rates up to 50 megabits per second," and that its "invention allows Bluetooth applications to utilize these other technologies to greatly increase the inter-device data rates."  Burns at [0020].

- Kapur discloses that "high-speed data connection 1008 may comprise an 802.11 connection and/or an ultra-wideband (UWB) connection. After the Bluetooth® device 1002 discovers the Bluetooth® device 1004, the Bluetooth® protocol stack within the Bluetooth® device 1002 may configure the high-speed data connection 1008. For example, the Bluetooth® device 1002 may configure a secure data link between the Bluetooth® devices 1002 and 1004 using the high-speed data

connection 1008," and that "[o]nce the high-speed data link 1008 is established,

data may be communicated between the Bluetooth® devices 1002 and 1004 using

data rates that may be higher than the data rates supported by the Bluetooth®

connection 1006." Kapur at [0066.] 802.11 is the shorthand designation for a

number of WiFi protocols, e.g., 802.11a, 802.11b, 802.11g, 802.11n, etc.

- Van de Sluis is a United States Patent Publication published on July 6, 2006 from

  a PCT application filed on Feb. 16, 2004. Van de Sluis is entitled "System for ad

  hoc sharing of content items between portable devices and interaction methods

  therefor." Van de Sluis discloses "the 802.11b standard, also known as Wireless

  Fidelity (WiFi™)," Van de Sluis at [0004], and "The transfer is carried out by the

  WiFi™ connection." *Id.* at [0056].

41.    Lenovo-HK admits that the '054 patent states at column 1 lines 40 to 43, "These

hurdles inhibit the more regular use of file transfer schemes in spontaneous situations. A

simplified and more intuitive approach to data transfer between devices is therefore required."

Lenovo-HK denies the remaining allegations in paragraph 41.

42.    Lenovo-HK admits the specification of the '054 patent states at column 1, lines 30

to 35, "As the sophistication of user interfaces supporting data transfers has developed (for

example, the emergence of touch screen and multi-touch technology), the user experience has

been simplified considerably. These advances in user interface technology may be seen in

devices such as the Apple® iPhone® and iPod Touch®." Lenovo-HK admits the '054 patent

and the '933 patent share a common specification. Lenovo-HK lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint, and

therefore denies them.

43.     Lenovo-HK admits the specification of the '054 patent states at column 1, lines 25 to 30, "Currently, data transfers may be performed using applications such as electronic mail, or multimedia message services (MMS) with the data being transmitted from one device to another through suitable technologies, for example, General Packet Radio Service (GPRS) or Wireless Local Area Network (WLAN)."

44.     Lenovo-HK admits the specification of the '054 patent states at column 1, lines 38 to 40, "For example, many technologies involve a fragmented approach to access and manipulation of files such as attachments."  Lenovo-HK denies the remaining allegations in paragraph 44.

45.     Lenovo-HK admits the specification of the '054 patent states at column 1, lines 40 to 43, "These hurdles inhibit the more regular use of file transfer schemes in spontaneous situations. A simplified and more intuitive approach to data transfer between devices is therefore required."  Lenovo-HK denies the remaining allegations in paragraph 45.

46.     The allegations of paragraph 46 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

47.     The allegations of paragraph 47 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

48.     The allegations of paragraph 48 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

49.     The allegations of paragraph 49 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

50.     The allegations of paragraph 50 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

51.     Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint, and therefore denies them.

52.     Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, and therefore denies them.

53.     The allegations of paragraph 53 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

54.     The allegations of paragraph 54 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

55.     The allegations of paragraph 55 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

56.     The allegations of paragraph 56 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

## ACCUSED LENOVO DEVICES

57.     The allegations of paragraph 57 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

58.     Lenovo-HK admits a website located at the following web address: https://www.lenovo.com/us/en/ is operated by Lenovo USA.  The remaining allegations of paragraph 58 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

59.     Lenovo-HK admits retail outlets such as Best Buy, Target, Wal Mart, Verizon, AT&T, Amazon sell Lenovo brand products.  Lenovo-HK denies the remaining allegations in paragraph 59.  Further, any remaining allegations of paragraph 59 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

14

60.     Lenovo-HK admits support services for Lenovo products are provided by Lenovo USA.  Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 of the Complaint, and therefore denies them.

## COUNT I
## [ALLEGED] INFRINGEMENT OF THE '877 PATENT

61.     Lenovo-HK incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

62.     Paragraph 62 characterizes the subject matter of the '877 patent and contains legal conclusions to which no response is required.  If a response is required, Lenovo-HK states the '877 patent speaks for itself.  Lenovo-HK denies any remaining allegations of paragraph 62.

63.     The allegations of paragraph 63 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

64.     The allegations of paragraph 64 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

65.     Lenovo-HK admits the Complaint identifies the '877 patent.  The remaining allegations of paragraph 65 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

66.     The allegations of paragraph 66 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

67.     The allegations of paragraph 67 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

68.     The allegations of paragraph 68 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

15

69.     The allegations of paragraph 69 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

70.     The allegations of paragraph 70 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

71.     Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint, and therefore denies them.  The remaining allegations of paragraph 71 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

72.     Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint, and therefore denies them.  The remaining allegations of paragraph 72 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

73.     The allegations of paragraph 73 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

## COUNT II
## [ALLEGED] INFRINGEMENT OF THE '859 PATENT

74.     Lenovo-HK incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

75.     Paragraph 75 characterizes the subject matter of the '859 patent and contains legal conclusions to which no response is required.  If a response is required, Lenovo-HK states the '859 patent speaks for itself.  Lenovo-HK denies any remaining allegations of paragraph 75.

76.     The allegations of paragraph 76 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

16

77. The allegations of paragraph 77 contain legal conclusions to which no response is required. If a response is required, Lenovo-HK denies them.

78. Lenovo-HK admits the Complaint identifies the '859 patent. The remaining allegations of paragraph 78 contain legal conclusions to which no response is required. If a response is required, Lenovo-HK denies them.

79. The allegations of paragraph 79 contain legal conclusions to which no response is required. If a response is required, Lenovo-HK denies them.

80. The allegations of paragraph 80 contain legal conclusions to which no response is required. If a response is required, Lenovo-HK denies them.

81. The allegations of paragraph 81 contain legal conclusions to which no response is required. If a response is required, Lenovo-HK denies them.

82. The allegations of paragraph 82 contain legal conclusions to which no response is required. If a response is required, Lenovo-HK denies them.

83. The allegations of paragraph 83 contain legal conclusions to which no response is required. If a response is required, Lenovo-HK denies them.

84. Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint, and therefore denies them. The remaining allegations of paragraph 84 contain legal conclusions to which no response is required. If a response is required, Lenovo-HK denies them.

85. Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint, and therefore denies them. The remaining allegations of paragraph 85 contain legal conclusions to which no response is required. If a response is required, Lenovo-HK denies them.

86.     The allegations of paragraph 86 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

**COUNT III**
**[ALLEGED] INFRINGEMENT OF THE '556 PATENT**

87.     Lenovo-HK incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

88.     Paragraph 88 characterizes the subject matter of the '556 patent and contains legal conclusions to which no response is required.  If a response is required, Lenovo-HK states the '556 patent speaks for itself.  Lenovo-HK denies any remaining allegations of paragraph 88.

89.     The allegations of paragraph 89 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

90.     The allegations of paragraph 90 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

91.     Lenovo-HK admits the Complaint identifies the '556 patent.  The remaining allegations of paragraph 91 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

92.     The allegations of paragraph 92 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

93.     The allegations of paragraph 93 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

94.     The allegations of paragraph 94 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

95.     The allegations of paragraph 95 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

96.     The allegations of paragraph 96 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

97.     Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint, and therefore denies them.  The remaining allegations of paragraph 97 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

98.     Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint, and therefore denies them.  The remaining allegations of paragraph 98 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

99.     The allegations of paragraph 99 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

## COUNT IV
## [ALLEGED] INFRINGEMENT OF THE '054 PATENT

100.    Lenovo-HK incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

101.    Paragraph 101 characterizes the subject matter of the '054 patent and contains legal conclusions to which no response is required.  If a response is required, Lenovo-HK states the '054 patent speaks for itself.  Lenovo-HK denies any remaining allegations of paragraph 101.

102.    The allegations of paragraph 102 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

19

103.     The allegations of paragraph 103 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

104.     Lenovo-HK admits the Complaint identifies the '054 patent.  The remaining allegations of paragraph 104 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

105.     The allegations of paragraph 105 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

106.     The allegations of paragraph 106 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

107.     The allegations of paragraph 107 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

108.     The allegations of paragraph 108 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

109.     The allegations of paragraph 109 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

110.     Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Complaint, and therefore denies them.  The remaining allegations of paragraph 110 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

111.     Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Complaint, and therefore denies them.  The remaining allegations of paragraph 111 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

112. The allegations of paragraph 112 contain legal conclusions to which no response is required. If a response is required, Lenovo-HK denies them.

## COUNT V
## [ALLEGED] INFRINGEMENT OF THE '933 PATENT

113. Lenovo-HK incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

114. Paragraph 114 characterizes the subject matter of the '933 patent and contains legal conclusions to which no response is required. If a response is required, Lenovo-HK states the '933 patent speaks for itself. Lenovo-HK denies any remaining allegations of paragraph 114.

115. The allegations of paragraph 115 contain legal conclusions to which no response is required. If a response is required, Lenovo-HK denies them.

116. The allegations of paragraph 116 contain legal conclusions to which no response is required. If a response is required, Lenovo-HK denies them.

117. Lenovo-HK admits the Complaint identifies the '933 patent. The remaining allegations of paragraph 117 contain legal conclusions to which no response is required. If a response is required, Lenovo-HK denies them.

118. The allegations of paragraph 118 contain legal conclusions to which no response is required. If a response is required, Lenovo-HK denies them.

119. The allegations of paragraph 119 contain legal conclusions to which no response is required. If a response is required, Lenovo-HK denies them.

120. The allegations of paragraph 120 contain legal conclusions to which no response is required. If a response is required, Lenovo-HK denies them.

121.    The allegations of paragraph 121 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

122.    The allegations of paragraph 122 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

123.    Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the Complaint, and therefore denies them.  The remaining allegations of paragraph 123 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

124.    Lenovo-HK lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the Complaint, and therefore denies them.  The remaining allegations of paragraph 124 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

125.    The allegations of paragraph 125 contain legal conclusions to which no response is required.  If a response is required, Lenovo-HK denies them.

## PRAYER FOR RELIEF

126.    The section of the Complaint titled "Prayer for Relief" sets forth the statement of relief requested by InterDigital to which no response is required. Lenovo-HK denies that InterDigital is entitled to any relief sought in its Prayer for Relief or otherwise.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

127.    Lenovo-HK incorporates by reference the foregoing paragraphs in their entirety and asserts the following affirmative and additional defenses.  By asserting these affirmative and additional defenses, Lenovo-HK does not admit that it bears the burden of proof on any issue and

22

does not accept any burden it would not otherwise bear. Lenovo-HK reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the Patent Laws of the United States and/or at law or in equity that may now exist, or in the future be available, based on discovery and further investigation in this case, as well as the right to amend this Answer to include those defenses. Pursuant to Federal Rule of Civil Procedure 8(c), Lenovo-HK, without waiver, limitation, or prejudice, hereby asserts the following affirmative and additional defenses.

## FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

128. InterDigital has failed to state a claim on which relief can be granted because Lenovo-HK has not performed and are not performing any act in violation of any right validly belonging to InterDigital.

## SECOND AFFIRMATIVE DEFENSE
### (NON-INFRINGEMENT)

129. Lenovo-HK has not infringed and is not infringing, either directly, contributorily, or by inducement, either literally or under the doctrine of equivalents, or otherwise, a valid and enforceable claim of United States Patent Nos. 10,250,877, (the "'877 Patent"), 8,674,859 (the "'859 Patent"), 9,674,556 (the "'556 Patent"), 9,173,054 (the "'054 Patent"), and 8,737,933 (the "'933 Patent") (collectively, the "Asserted Patents").

## THIRD AFFIRMATIVE DEFENSE
### (INVALIDITY)

130. The claims of the Asserted Patents, are invalid and/or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for

patentability specified in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

## FOURTH AFFIRMATIVE DEFENSE
## (LIMITATION ON DAMAGES)

131.    InterDigital's right to seek damages and other remedies from Lenovo-HK is limited by 35 U.S.C. §§ 285, 286, 287, and/or 288, and may additionally be limited by 28 U.S.C. § 1498.

## FIFTH AFFIRMATIVE DEFENSE
## (INJUNCTIVE RELIEF UNAVAILABLE)

132.    InterDigital is not entitled to injunctive relief at least because any injury to InterDigital is not immediate or irreparable, and InterDigital has an adequate remedy at law for its allegations.

## SIXTH AFFIRMATIVE DEFENSE
## (LACHES, PROSECUTION LACHES, WAIVER, ESTOPPEL, UNCLEAN HANDS, PATENT MISUSE, UNENFORCEABILITY)

133.    InterDigital's claims for relief are barred, in whole or in part, under principles of equity including, but not limited to, laches, prosecution laches, waiver, estoppel, unclean hands, patent misuse, and/or unenforceability.

## SEVENTH AFFIRMATIVE DEFENSE
## (NO VICARIOUS LIABILITY)

134.    Lenovo-HK is not vicariously liable to InterDigital for any conduct of their affiliates, related entities, or subsidiaries.

## EIGHTH AFFIRMATIVE DEFENSE
## (PROSECUTION HISTORY ESTOPPEL)

135.    To the extent that InterDigital alleges infringement under the doctrine of equivalents, InterDigital's alleged cause of action is barred, including, without limitation, by way of example, under the doctrine of prosecution history estoppel, claim vitiation, and/or recapture. By virtue of statements made, amendments made, and/or positions taken during the prosecution of the applications for the Asserted Patents, and any application to which these patents claim priority, and in view of any statements made, amendments made and/or positions that InterDigital has taken or will take before the U.S. Patent and Trademark Office during, for example, reexamination or *inter partes* review, InterDigital is estopped from asserting that the Asserted Patents cover or include any of the accused products or services of Lenovo-HK.

## NINTH AFFIRMATIVE DEFENSE
## (LACK OF KNOWLEDGE)

136.    To the extent that InterDigital asserts that Lenovo-HK indirectly infringes, either by contributory infringement or inducement of infringement, Lenovo-HK is not liable for the acts taking place before Lenovo-HK knew that their actions would allegedly cause infringement. Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of the Asserted Patents.

## TENTH AFFIRMATIVE DEFENSE
## (LACK OF CONTROL)

137.    InterDigital's claims for relief are barred because InterDigital's injuries, if any, were not caused by Lenovo-HK, and Lenovo-HK is not liable for the acts of others over whom they have no control.

25

## ELEVENTH AFFIRMATIVE DEFENSE
### (LICENSE, EXHAUSTION, SINGLE RECOVERY, INTERVENING RIGHTS)

138. InterDigital's claims for relief are barred by the doctrines of express or implied license, patent exhaustion, the single recovery rule, and/or intervening rights.

## TWELFTH AFFIRMATIVE DEFENSE
### (NO ENTITLEMENT TO A FINDING OF EXCEPTIONAL CASE)

139. InterDigital is not entitled to a finding that this case is exceptional under 35 U.S.C. § 285 or under the Court's inherent powers.

## JURY DEMAND

140. Lenovo-HK respectfully demands a trial by jury of all issues so triable in this matter.

This 7th day of February 2024.

/s/ Raymond M. Bennett
Raymond M. Bennett (NC Bar No. 36341)
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Telephone: 919-755-2158
Facsimile: 919-755-6068
Ray.Bennett@wbd-us.com

Jacob S. Wharton (NC Bar No. 37421)
WOMBLE BOND DICKINSON (US) LLP
One West 4th St.
Winston-Salem, North Carolina 27601
Telephone: 919-747-6609
Jacob.Wharton@wbd-us.com

Adam Shartzer
FISH & RICHARDSON P.C.
1000 Maine Ave SW
Washington, D.C. 20024
Telephone: 202-626-6380

26

shartzer@fr.com
*Special Appearance Pursuant to L.R. 83.1*

Jack R. Wilson IV
FISH & RICHARDSON P.C.
1000 Maine Ave SW
Washington, D.C.  20024
Telephone: 202-626-6415
jwilson@fr.com
*Special Appearance Pursuant to L.R. 83.1*
*Forthcoming*

*Attorneys for Lenovo PC HK Limited*