# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

**CASE NO. 5:23-CV-00493-FL**

| | |
|---|---|
| INTERDIGITAL INC., INTERDIGITAL VC HOLDINGS, INC., INTERDIGITAL PATENT HOLDINGS, INC., and INTERDIGITAL MADISON PATENT HOLDINGS SAS,<br><br>Plaintiffs,<br><br>v.<br><br>LENOVO (UNITED STATES) INC., LENOVO PC HK LTD., and MOTOROLA MOBILITY LLC,<br><br>Defendants. | INTERDIGITAL'S OPPOSITION TO LENOVO'S MOTION TO COMPEL |

## I. INTRODUCTION

InterDigital is a research and design company that for more than half a century has been at the forefront of developing foundational wireless communication and digital video technologies. D.I. 64 at 7. InterDigital's inventions help power wireless data transfers and make modern video streaming possible for billions of people across the globe. *Id.* at 8.

This lawsuit involves InterDigital's pioneering inventions in the wireless communications and video streaming space. Given the importance of these inventions in modern life, InterDigital licenses its patents covering these inventions to major technology companies including Apple, LG, Panasonic, Samsung, and many others. Unlike its peers, Defendant Lenovo has repeatedly refused to take a license to InterDigital's patents without first forcing InterDigital to pursue expensive litigation in Germany, the UK, the ITC, and in this Court—all with the hopes of holding out to secure a better licensing deal for InterDigital's patented technology.

In keeping with its tactics, Lenovo's motion to compel is an unnecessary ploy designed to drive up InterDigital's litigation costs. InterDigital has dedicated significant time and expense responding to Lenovo's 151 discovery requests, diligently providing Lenovo with proportional, relevant discovery in compliance with the Federal Rules. The additional documents Lenovo seeks in its motion fall into three categories: (i) documents that are wholly irrelevant to any issue in this case; (ii) documents that InterDigital has already agreed to provide; and (iii) documents that, while theoretically containing some minimal relevance, would be so burdensome to locate and produce and would provide such trivial value to Lenovo, that they are not proportional to the needs of the case.

For example, Lenovo seeks, among other things "All Documents and Communications Relating to" "the negotiations" of InterDigital's third-party license agreements, all of InterDigital's

1

discussions with its licensees "Concerning the Asserted Patents," "analysis of the proposals" to InterDigital's licensees, and "any meetings negotiations, discussions, agreements or other Communications" regarding the asserted patents or related patents. D.I. 108-5 at RFP 89–91. Lenovo claims that these (and numerous other) requests "bear on InterDigital's valuation of the Asserted Patents" and are relevant to its North Carolina Abusive Patent Assertions Act ("NCAPAA") counterclaim—specifically to whether InterDigital has offered to "license the patent for an amount that is not based on a reasonable estimate of the value of the license," or whether InterDigital has offered "to license the patent for an amount that is based on the cost of defending a potential or actual lawsuit." D.I. 107 at 2–3 (quoting NCAPAA Factor 5 at §75-143(a)(5)).

But Lenovo does not allege any facts in its counterclaim suggesting that InterDigital offered to license the asserted patents to it for a low-ball or litigation-cost figure. Nor could it. The parties never discussed monetary terms for the asserted patents. And while NCAPAA Bad-Faith Factor 5 is clearly not relevant here, in order to avoid burdening the Court with a dispute, InterDigital has either produced, or agreed to produce, both its claim charts and its executed license agreements with each of InterDigital's licensees of the asserted patents. These multi-million-dollar license agreements clearly show that InterDigital is not suing third parties merely to extract quick settlement payments. NCAPAA Factor 5 certainly does not permit Lenovo unbounded, disproportionate discovery into nearly *every* communication between InterDigital and its third-party licensees as Lenovo seeks through its motion. *See Howard v. Coll. of the Albemarle*, No. 2:15-CV-00039-D, 2016 U.S. Dist. LEXIS 109242, at *11 (E.D.N.C. Aug. 16, 2016) (citation omitted) ("Litigants may not use the discovery process as a 'fishing expedition.'").

Lenovo's additional justifications based on the NCAPAA Factors are likewise unsupported. InterDigital never "failed to conduct an analysis comparing the claims in the patent to" Lenovo's

2

products (D.I. 107, quoting NCAPAA Factor 2). Lenovo admits InterDigital sent it a claim chart, which compares the claims and Lenovo's products. D.I. 107 at 5. Thus, NCAPAA Factor 2 is irrelevant here.

Next, InterDigital has already agreed to provide the claim charts of infringement InterDigital sent to third-party licensees. Thus, Lenovo's arguments regarding Factor 9 (whether InterDigital sent the same demand letter to multiple recipients) are moot.

Finally, Lenovo seeks "[d]ocuments sufficient to show Plaintiff's contracts and agreements with Third Parties for production of Products embodying the invention claimed in any claim of any Asserted Patent." D.I. 107 at 5. But, once again, InterDigital has already produced or agreed to produce each of its agreements with third parties that allow the third parties to manufacture their products that practice the asserted patents (e.g., the license agreements). Thus, this request is moot as well. For these reasons and the additional reasons detailed herein, InterDigital respectfully requests that the Court deny Lenovo's motion.

## II. FACTUAL BACKGROUND

### A. Lenovo's Expansive Discovery Requests and InterDigital's Production.

On December 15, 2023, Lenovo served its first sets of discovery requests: 114 Requests for Production and 12 Interrogatories. *See* D.I. 108-2, 108-5. On January 16, 2024, InterDigital provided its Objections and Responses to those requests including the requests at issue here: RFP Nos. 20, 21, 58, 62, 86, 89, 90, 91, 95, 96, and 97 and Interrogatory No. 4, summarized below:

- RFP 20 – documents relating to internal InterDigital meetings;
- RFP 21 – valuation of the asserted patents;
- RFP 58 – evaluation of whether the accused products infringe the asserted patents;
- RFP 62 – correspondence concerning accusations of infringement of the asserted patents;
- RFP 86 – documents concerning attempts to license the asserted patents;
- RFP 89 – documents regarding the economic terms of agreements for the asserted patents;
- RFP 90 – documents relating to discussions with licensees concerning the asserted patents;
- RFP 91 – documents relating to communications regarding the asserted patents;

3

- RFP 95 – documents identifying all people involved in licensing of InterDigital's IP;
- RFP 96 – documents showing InterDigital's agreements with third parties for production of products embodying the inventions of the asserted patents;
- RFP 97 – documents regarding the licensing of any of the Asserted Patents, regardless of whether a license or any agreement was actually executed; and
- ROG 4 – efforts to license the asserted patents.

D.I. 108-8, 108-9.

Nearly four months passed, and InterDigital heard nothing from Lenovo on these requests. Then, on April 5, 2024, Lenovo sent a letter requesting that InterDigital supplement its response to Interrogatory 4 (and another Interrogatory not at issue here) and produce additional documents in response to the above RFPs within two weeks. D.I. 108-1. Lenovo's sole basis for the purported relevance of these requests was a vague reference to its NCAPAA counterclaim. *Id*. In its response to Lenovo's April 5th letter, InterDigital explained that it was in the process of supplementing its response to Interrogatory 4 and disagreed that the RFPs identified by Lenovo have any relevance to its NCAPAA counterclaim, but nevertheless, agreed to produce additional documents—many of which InterDigital had already provided to Lenovo in a parallel ITC proceeding. D.I. 108-7 at 1, 108-6 at 1-2. InterDigital produced the majority of those documents on April 30, 2024. The parties met and conferred about the issues in the parties' letters on May 1st. D.I. 108-6 at 1-2.

On May 8, 2024, InterDigital produced additional documents responsive to the RFPs at issue here and identified documents—by Bates numbers—that are responsive to Lenovo's RFPs. InterDigital again explained in detail why the additional documents Lenovo demands are not relevant to Lenovo's NCAPAA counterclaim and why their production would be disproportionate to the needs of this case. D.I. 108-6. That same day, Lenovo served a second set of discovery requests: RFPs 115–130 and Interrogatory Nos. 13–16.

On May 16, 2024, InterDigital supplemented three Interrogatory responses related to Lenovo's NCAPAA counterclaim: Rog No. 4 (efforts to license the asserted patents); Rog No. 7

4

(InterDigital's bases for an injunction) and Rog No. 12 (InterDigital's bases for its contention that the NCAPAA does not apply it to it and InterDigital did not bring this litigation in "bad faith"). D.I. 108-9. In these responses, InterDigital included Bates numbers identifying which documents it produced related to which Lenovo interrogatory. Less than 24 hours later, without requesting to meet and confer to attempt to resolve any lingering disputes, Lenovo filed its motion to compel.

B.   **The NCAPAA Factors.**

Lenovo's purported basis for the relevance of the requests at issue here are four factors related to its NCAPAA counterclaim: Bad-Faith Factors 2, 5, and 9 and Good-Faith Factor 4.

> (a) A court may consider the following factors as evidence that a person has made a bad-faith assertion of patent infringement:
>  . . .
>> (2)  Prior to sending the demand, the person failed to conduct an analysis comparing the claims in the patent to the target's products, services, and technology, or the analysis was done but does not identify specific areas in which the products, services, and technology are covered by the claims in the patent.
>> . . .
>> (5) The person offers to license the patent for an amount that is not based on a reasonable estimate of the value of the license, or the person offers to license the patent for an amount that is based on the cost of defending a potential or actual lawsuit.
>> . . .
>> (9)  The person making the claim or assertion sent the same demand or substantially the same demand to multiple recipients and made assertions against a wide variety of products and systems without reflecting those differences in a reasonable manner in the demands.
>
> (b) A court may consider the following factors as evidence that a person has not made a bad-faith assertion of patent infringement:
>  . . .
>> (4) The person makes a substantial investment in the use of the patent or in the production or sale of a product or item that the person reasonably believes is covered by the patent. "Use of the patent" in the preceding sentence means actual practice of the patent and does not include licensing without actual practice.
>
> N.C. Gen. Stat. Ann. § 75-143.

## III. ARGUMENT

Lenovo's sole relevance argument for the expansive discovery it now seeks is a vague relationship to its NCAPAA counterclaim. But, Lenovo's requests seek information far beyond the narrow scope of the NCAPAA factors, and any potential relevance they may have is far outweighed by the burden to InterDigital. Moreover, InterDigital has already provided responsive documents—including documents that demonstrate the value of the asserted patents.

### A. NCAPAA Bad-Faith Factor Five Does Not Justify Lenovo's Expansive Discovery Requests.

NCAPAA Bad-Faith Factor 5 provides the sole basis for the purported relevance of the majority of the requests at issue, which collectively seek every document related to any negotiation between InterDigital and any company it had licensing discussions with concerning the asserted patents. Lenovo does not separately consider how each of its requests is relevant to Factor 5, instead alleging that they all relate to the asserted patents' "valuation." *See* D.I. 107 at 4.

Bad-Faith Factor 5 relates to low-ball or litigation-cost patent licensing demands, which may be indicative of bad-faith assertions of patent infringement. *See* N.C. Gen. Stat. § 75-143(a)(5) (requiring an offer from InterDigital to Lenovo "to license the patent[s] for an amount that is not based on a reasonable estimate of the value of the license," or that is based "on the cost of defending a potential or actual lawsuit."). It simply does not apply here.

InterDigital has never provided a demand to Lenovo to license the asserted patents for a specific dollar figure—the parties' licensing discussions never reached that point as Lenovo ignored all of InterDigital's requests to discuss the asserted patents. Put another way, Bad-Faith Factor 5 cannot apply because InterDigital never made a low-ball or litigation-cost demand. Thus, NCAPAA Factor 5 is not a basis for Lenovo to seek any documents, let alone *every* communication that may in some way relate to licensing.

6

Moreover, InterDigital has already produced (or is in the process of producing) every executed license agreement for the asserted patents and all claim charts (technical comparisons between the asserted patents and the accused products) it sent to its licensees. Thus, to the extent that licensing documents have any relevance to Bad-Faith Factor 5, InterDigital has already produced hundreds of documents and is in the process of producing more. To the extent Lenovo's motion seeks more, it should be denied.[1] *See Mohammed v. Daniels*, No. 5:13-CT-3077-FL, 2015 U.S. Dist. LEXIS 106089, at *5 (E.D.N.C. Aug. 12, 2015) (Flanagan, J) ("Due to the vague nature of plaintiff's discovery requests and in light of the large volume of materials defendants already provided plaintiff, plaintiff's current discovery requests appear to be a fishing expedition."). Lenovo does not dispute InterDigital's production of these documents. D.I. 107 at 7 (acknowledging that InterDigital has "already collected and produced" requested information in the parallel ITC case and has "reproduced a subset" of that information in this case).

Even if Lenovo's discovery requests were marginally relevant to Bad-Faith Factor 5, any such relevance is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Lenovo's requests encompass enormous volumes of highly sensitive communications regarding InterDigital's licensing—many of which are privileged or are subject to third-party non-disclosure agreements. For example, RFP No. 86 seeks documents and communications concerning any attempt to license the Asserted Patents, RFP No. 90 seeks

---

[1] To accomplish this production, InterDigital is actively seeking approval from third parties (e.g., Apple), as required by its licenses, to produce documents in this litigation.

documents and communications relating to negotiations with licensees, and RFP No. 97 seeks documents and communications relating to efforts to license the Asserted Patents, regardless of whether any license was executed. Lenovo's requests are not proportional under Fed. R. Civ. P. 26(b)(1) as any theoretical relevance of these third-party communications is clearly outweighed by the prejudice InterDigital faces in collecting a huge number of sensitive documents, almost all of which require third-party approval. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 188-89 (4th Cir. 2019) ("Proportionality requires courts to consider, among other things, whether the burden or expense of the proposed discovery outweighs its likely benefit. This relieves parties from the burden of taking unreasonable steps to ferret out every relevant document."); *Cruz v. Bd. of Supervisors*, No. 91-1547, 1993 U.S. App. LEXIS 187, at *7 (4th Cir. Jan. 7, 1993) ("In this case, [plaintiff] requested a vast amount of highly sensitive material with little or no notion of what he might find, in what can properly be termed a 'fishing expedition.'").

**B.    InterDigital Already Produced Documents Responsive to RFP No. 58.**

Lenovo argues that its RFP No. 58—seeking "Documents sufficient to show [InterDigital]'s analysis, consideration, testing, or evaluation of whether any Accused Product Infringes any claim of the Asserted Patents . . . ."—is relevant to Bad-Faith Factor 2 of its NCAPAA counterclaim. D.I. 107 at 4. Bad-Faith Factor 2 of the NCAPAA applies if InterDigital "failed to conduct an analysis comparing the claims in the patent to [Lenovo's] products, services, and technology, or the analysis was done but does not identify specific areas in which the products, services, and technology are covered by the claims in the patent."

As Lenovo acknowledges, InterDigital has already produced claim charts that compare the asserted patent claims to the accused Lenovo devices. D.I. No. 107 at 4–5. These charts were created prior to this lawsuit, clearly demonstrate Lenovo's infringement, and are directly responsive to Lenovo's Request No. 58. Further, InterDigital has produced additional claim charts

8

previously sent to Lenovo detailing its infringement of the Asserted Patents. D.I. 108-9 at 55–56. These documents provide, on a claim limitation-by-limitation basis, InterDigital's contentions regarding Lenovo's infringement of the Asserted Patents. Accordingly, once again, Lenovo has the documents responsive to its Request.

Yet, Lenovo asserts that "InterDigital should be compelled to produce documents for all other investigations it performed into the practice of the products when evaluating whether to assert its claims." D.I. No. 107 at 5. It is unclear as to what is meant by "other investigations." Regardless, InterDigital again confirms it has produced the documents it has in its possession responsive to this request.

### C. NCAPAA Bad-Faith Factor 9 Is Inapplicable Here, but Regardless, InterDigital Has Already Produced Documents Responsive to RFP 62.

Lenovo asserts that InterDigital should be forced to produce additional documents responsive to RFP No. 62, which, in broad terms, seeks documents regarding "any Communication, including demand letters" informing Lenovo or third parties that they infringe the asserted patents. D.I. 108-5 at 25. Specifically, Lenovo asserts that it "seeks. . . other demands InterDigital has made that are relevant to . . . factor [9]." D.I. 107 at 5. InterDigital never sent a "demand" to Lenovo. But Bad-Faith Factor 9 only applies if InterDigital "sent the same demand" to Lenovo as it did to "multiple recipients." *See* N.C. Gen. Stat. § 75-143(a)(9). Because InterDigital never sent Lenovo a demand at all, Bad-Faith Factor 9 is inapplicable here.

Regardless, InterDigital has provided (or shortly will produce) all executed licenses and claim charts created during the process that led to the licenses, which disclose InterDigital's contentions. Accordingly, to the extent that factor nine has any marginal relevance, Lenovo already has or shortly will have responsive documents. To the extent that Lenovo seeks additional documents, such request is foreclosed by Rule 26's proportionality requirement.

9

**D. InterDigital Already Produced Documents Responsive to Request No. 96.**

Finally, Lenovo asserts that it needs additional documents responsive to RFP No. 96, which requests "Documents sufficient to show Plaintiff's contracts and agreements with Third Parties for production of Products embodying the invention claimed in any claim of any Asserted Patent." D.I. 108-5 at 32. As explained above, InterDigital has or shortly will produce all licenses with third parties relating to the Asserted Patents. The licenses specifically provide the terms by which licensed third parties may produce "products embodying the invention claimed in any claim of any Asserted Patent." *Id*. Thus, this request is moot, and the Court should deny this portion of Lenovo's motion.

**IV. CONCLUSION**

InterDigital has clearly produced (or agreed to produce) the vast majority of what Lenovo seeks. The remainder has either no relevance to this case or such minimal relevance that it is far outweighed by the tremendous burden of searching for, collecting, and producing sensitive communications with third parties that, even if produced, would have negligible importance in resolving the issues related to Lenovo's misguided NCAPAA counterclaim. InterDigital respectfully asks this Court to deny Lenovo's Motion it its entirety.

Respectfully Submitted,

Dated: May 31, 2024

*/s/ M. Scott Stevens*
M. Scott Stevens
NC State Bar No. 37828
Kirk T. Bradley
NC State Bar No. 26490
**ALSTON & BIRD LLP**
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Telephone: 704-444-1025

Fax: 704-444-1935
scott.stevens@alston.com
kirk.bradley@alston.com

Philip C. Ducker
CA State Bar No. 262644
Katherine G. Rubschlager
CA State Bar No. 328100
**ALSTON & BIRD LLP**
560 Mission Street, Suite 2100
San Francisco, CA 94105
Telephone: 415-243-1000
Fax: 415-243-1001
phil.ducker@alston.com
katherine.rubschlager@alston.com

Ryan W. Koppelman
CA State Bar No. 290704
**ALSTON & BIRD LLP**
333 S. Hope St., 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
ryan.koppelman@alston.com
*Special Appearance Pursuant to L.R. 83.1 Forthcoming*

Neal A. Larson
GA State Bar No. 599069
TX State Bar No. 24106190
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
neal.larson@alston.com
*Special Appearance Pursuant to L.R. 83.1 Forthcoming*

Jenny J. Wang
NC State Bar No. 61255
**ALSTON & BIRD LLP**
555 Fayetteville Street, Suite 600
Raleigh, NC 27601

11

Telephone: (919) 862-2200
Facsimile: (919) 862-2260
jenny.wang@alston.com

Christopher L. McArdle
NY State Bar No. 4823654
Ravi Shah
NY State Bar No. 5720149
**ALSTON & BIRD LLP**
90 Park Ave., 15th Floor
New York, NY 10016
Telephone: 212-210-9400
Fax: 212-210-9444
Chris.McArdle@alston.com
Ravi.Shah@alston.com


*Attorneys for Plaintiffs*
*InterDigital, Inc. InterDigital VC Holdings,*
*Inc., InterDigital Patent Holdings, Inc., and*
*InterDigital Madison Patent Holdings SAS*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document has been served on all counsel of record via the Court's CM/ECF system on May 31, 2024.

*/s/ M. Scott Stevens*
M. Scott Stevens
