IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO. 5:23-CV-00493-FL

| | |
|---|---|
| INTERDIGITAL INC., INTERDIGITAL VC HOLDINGS, INC., INTERDIGITAL PATENT HOLDINGS, INC., and INTERDIGITAL MADISON PATENT HOLDINGS SAS,<br><br>Plaintiffs,<br><br>v.<br><br>LENOVO (UNITED STATES) INC., LENOVO PC HK LTD., and MOTOROLA MOBILITY LLC,<br><br>Defendants. | |

**INTERDIGITAL'S MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO SEAL EXHIBITS D, F, AND I TO THE DECLARATION OF JACK WILSON (DKT. NO. 108)**

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 26(c), Local Rules 7.1 and 79.2, and the Protective Order entered in this Case, InterDigital, Inc., InterDigital VC Holdings, Inc., InterDigital Patent Holdings, Inc., and InterDigital Madison Patent Holdings SAS (collectively, "InterDigital" or "Plaintiffs") submit this Motion to Seal Exhibits D, F, and I to the Declaration of Jack Wilson (Dkt. No. 108).

The need for this motion arises out of Lenovo's motion to compel documents, filed on May 17, 2024. Dkt. No. 107. Along with that motion, Lenovo filed the Declaration of Jack Wilson, which contains nine exhibits. Dkt. No. 108. Lenovo provisionally filed the declaration and nine exhibits under seal. Dkt No. 109. In a June 4, 2024 Text Notice, this Court reminded InterDigital that it needed to move to seal any provisionally sealed documents containing confidential information and gave InterDigital five days from the date of the Text Notice to do so. InterDigital apologizes for its oversight and thanks the Court for its Text Notice.

Accordingly, pursuant to the Text Notice, InterDigital respectfully moves to keep unredacted versions of Exhibit D (Dkt. No. 108-4), Exhibit F (Dkt. No. 108-6), and Exhibit I (Dkt. No. 108-9) under seal (InterDigital's motion does not seek to keep the declaration or remaining exhibits under seal). Exhibit I contains a comprehensive list of the licensees to the Asserted Patents, which is sensitive commercial information not publicly disclosed, the disclosure of which would competitively harm InterDigital's ability to license and negotiate with third parties. Similarly, Exhibit F contains a statement describing the types of documents allegedly exchanged between InterDigital and specific licensees, including documents exchanged under a non-disclosure agreement. Exhibit D contains a statement purporting to characterize, from Lenovo's perspective at least, a portion of the negotiation history between the parties.[1] The public dissemination of the

---

[1] InterDigital does not agree with Lenovo's characterization of the negotiations.

1

confidential information contained in Exhibit D, even if not accurate, would harm InterDigital's ability to fairly negotiate patent licenses with Lenovo and with other third parties. The non-disclosure agreement between the parties obligates Lenovo to protect the confidentiality of InterDigital's confidential information and prohibits many uses by Lenovo of InterDigital's confidential information outside of their ongoing negotiations. The Court has previously sealed the confidential information in Exhibit D. *See* Dkt. Nos. 62 & 80. Should the Court grant InterDigital's motion, it will file redacted versions of Exhibits D, F, and I with only the above-mentioned confidential information redacted.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c)(l), a court may, for "good cause," order sealing or other limitations to protect a party's confidential information. The discretion afforded the court is broad and must be "exercised in light of the relevant facts and circumstances of the particular case." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978)). The Fourth Circuit has explicitly set forth the standards and procedure for maintaining documents under seal. A court considering a motion to maintain documents under seal must first determine the nature of the information and the public's right to access. *Stone v. Univ. of Md. Medical Sys., Corp.*, 855 F.2d 178, 180 (4th Cir. 1988); *Sempowich v. Tactile Sys. Tech., Inc.*, No. 5:18-CV-488-D, 2020 WL 2789792, at *1 (E.D.N.C. May 29, 2020). Although there is a general presumption that the public has the right to access documents in the files of the courts, this presumption may be overcome "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

To grant a motion to seal, the Court must comply with certain substantive and procedural requirements. *Wash. Post*, 386 F.3d at 576. Substantively, the Court first must determine the source of the right of public access with respect to each document, or portion thereof, to be sealed. *Stone*, 855 F.2d at 180; *Hall v. United Air Lines, Inc.*, 296 F. Supp. 2d 652, 679 (E.D.N.C. 2003), *aff'd sub nom. Hall v. Am. Airlines, Inc.*, 118 F. App'x 680 (4th Cir. 2004). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Wash. Post*, 386 F.3d at 575. The strength of the public's right of access varies depending on which of these sources applies in a given case. *See U.S. Tobacco, Inc. v. Big South Wholesale of Virginia, LLC*, No. 5:13-CV-527, 2014 WL 2085332, at *1 (E.D.N.C. May 19, 2014) (recognizing that the strength of the public's right of access varies depending on whether it is derived from common law or the First Amendment).

Where the documents sought to be sealed are not submitted in support of or opposition to any motion seeking dispositive relief, the right of access arises under common law, not the First Amendment. *See Covington v. Semones*, No. 7:06-CV-614, 2007 WL 1170644, at *2 (W.D. Va. Apr. 17, 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access."); *see also ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099 JST (NC), 2014 U.S. Dist. LEXIS 84571, at *6, 2014 WL 2810193 (N.D. Cal. June 20, 2014) ("Motions to strike are treated as non-dispositive for sealing purposes."); *Durr Sys., Inc. v. Efc Sys. Inc.*, No. No. GJH-18-2597, 2021 U.S. Dist. LEXIS 20263, at *7 2021 WL 351175 (D. Md. Feb. 2, 2021) (party requesting to strike "pursuant to Fed. R. Civ. P. 12(f)(1) rather than under the 'dispositive mechanism of Rule 12(c)'"). Although there is a presumption that the public may have access to judicial records and documents, this access is proscribed by a party's right to privacy and to protect trade secrets and confidential

3

and proprietary business information. *See Nixon*, 435 U.S. at 598 (noting that public access may be inappropriate for "business information that might harm a litigant's competitive standing"); *Glaxo Inc. v. Novopharm Ltd.*, 931 F. Supp. 1280, 1299 (E.D.N.C. 1996). "The 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm' is a recognized exception to the 'presumptive openness of judicial proceedings.'" *Sempowich*, 2020 WL 2789792, at *2 (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070-71 (3d Cir. 1984)).

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Wash. Post*, 386 F.3d at 575. The presumption "can be rebutted if countervailing interests heavily outweigh the public interest in access." *Id.* (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether the release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d at 235).

Procedurally, the district court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 302. Notably, however, public notice is satisfied through the docketing of a party's motion to seal. *Stone*, 855 F.2d at 181; *Blow v. Murphy-Brown, LLC*, No. 7:14-CV-232, 2021 WL 6106213, at *1 (E.D.N.C. May 19, 2021).

### III. ARGUMENT

Exhibit D (Dkt. No. 108-4), Exhibit F (Dkt. No. 108-6), and Exhibit I (Dkt. No. 108-9) to the Declaration of Jack Wilson contain sensitive InterDigital confidential information and information that is subject to an NDA. InterDigital therefore respectfully requests that the Court enter an order allowing unredacted versions of these documents to remain sealed.

#### A. InterDigital's Interest in Protecting Its Confidential Information Outweighs the Public Interest.

InterDigital seeks to only seal confidential business information reflected in Exhibits D, F, and I. These documents were filed as exhibits to a declaration and relate to Lenovo's motion to compel, which is a non-dispositive, pre-trial motion and has no bearing on the substantive rights of the parties. Therefore, it does not implicate the public right of access guaranteed by the First Amendment. *See, e.g.*, *Wash. Post*, 386 F.3d at 580. Accordingly, the lesser right of access under the common law is applicable to determine whether the Court should seal the identified portions of Exhibits D, F, and I.

In applying this standard, the courts have repeatedly recognized that a party's interest in protecting proprietary, sensitive, or otherwise confidential information from public dissemination will often outweigh the public's interest in accessing such information. *See Nixon*, 435 U.S. at 598 (noting that public access may be inappropriate for "business information that might harm a litigant's competitive standing"); *Sempowich*, 2020 WL 2789792, at *4–5 (collecting cases and finding that sealing the information was "essential to protect its confidential information"); *Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 656-57 (M.D.N.C. 2013) (holding that "certain marketing [and] sales" information should be sealed as it was "not ordinarily public" and would cause "harm[ ] by public disclosure"). The same is true here. The information

sought to be sealed is of a similar character as discussed in these cases. Therefore, the sealing of the limited information at issue here is appropriate.

### B. InterDigital's Request Complies with the Fourth Circuit's Procedural Requirements.

#### 1. Public notice requirements have been satisfied.

The Fourth Circuit requires that the public be provided notice of any request to seal judicial documents and a reasonable opportunity to object to any such request. *Ashcraft*, 218 F.3d at 302. This requirement is satisfied through the docketing of a party's motion to seal. *Stone*, 855 F.2d at 181; *Blow*, 2021 WL 6106213, at *1. At this time, InterDigital is not aware of any party that objects to this motion. Nonetheless, the public will have sufficient time to respond and lodge any objections before the Court is anticipated to rule on this motion.

#### 2. InterDigital seeks the least drastic option.

Under Federal law, the redaction of confidential material is generally considered a less drastic alternative to filing an entire document or motion under seal. *SMD Software, Inc. v. EMove, Inc.*, No. 5:08-CV-403-FL, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (allowing in part motion to seal confidential pricing, market strategies, expense information, and revenue and revenue growth information, and directing copies with only redacted information be filed); *Bell v. Shinseki*, No. 1:12-CV-57, 2013 WL 3157569, at *9 (M.D.N.C. June 20, 2013), *aff'd*, 584 F. App'x 42 (4th Cir. 2014). Recognizing this preference, InterDigital has carefully selected only those portions of Exhibits D, F, and I that require redacting, such that it proposes only the most sensitive information be omitted from the public record. The portions of Exhibits D, F, and I that InterDigital seeks to maintain under seal constitute limited information in narrowly selected portions. Consequently, only a small portion of these Exhibits would be shielded from the public. At the

present time, InterDigital is not aware of any less drastic means for protecting its sensitive commercial information from public disclosure other than the minimal redactions proposed here.

### 3. Specific facts support sealing the requested information.

The contents of the above-identified portions of Exhibits D, F, and I relate to confidential information regarding a comprehensive listing of licensees to the Asserted Products (Exhibit I), contain a statement describing documents allegedly exchanged between InterDigital and specific licensees, including documents exchanged under a non-disclosure agreement (Exhibit F), and contain information related to licensing negotiations protected by the NDA entered into between the parties (Exhibit D). The public dissemination of such competitively-sensitive and commercially-valuable information would harm InterDigital's ability to fairly negotiate patent licenses with Lenovo and with other third parties and harm InterDigital's business relations. Accordingly, maintaining this limited information under seal is appropriate.

## IV. CONCLUSION

For the foregoing reasons, InterDigital respectfully requests this Court grant InterDigital's Motion to Seal.

Respectfully Submitted,

Dated: June 5, 2024

*/s/ M. Scott Stevens*
M. Scott Stevens
NC State Bar No. 37828
Kirk T. Bradley
NC State Bar No. 26490
**ALSTON & BIRD LLP**
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Telephone: 704-444-1025
Fax: 704-444-1935
scott.stevens@alston.com

kirk.bradley@alston.com

Philip C. Ducker
CA State Bar No. 262644
Katherine G. Rubschlager
CA State Bar No. 328100
**ALSTON & BIRD LLP**
560 Mission Street, Suite 2100
San Francisco, CA 94105
Telephone: 415-243-1000
Fax: 415-243-1001
phil.ducker@alston.com
katherine.rubschlager@alston.com
*Special Appearance Pursuant to L.R. 83.1*
*Forthcoming*

Ryan W. Koppelman
CA State Bar No. 290704
**ALSTON & BIRD LLP**
333 S. Hope St., 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
ryan.koppelman@alston.com
*Special Appearance Pursuant to L.R. 83.1*
*Forthcoming*

Neal A. Larson
GA State Bar No. 599069
TX State Bar No. 24106190
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
neal.larson@alston.com
*Special Appearance Pursuant to L.R. 83.1*
*Forthcoming*

Jenny J. Wang
NC State Bar No. 61255
**ALSTON & BIRD LLP**
555 Fayetteville Street, Suite 600
Raleigh, NC 27601
Telephone: (919) 862-2200
Facsimile: (919) 862-2260

jenny.wang@alston.com

Christopher L. McArdle
NY State Bar No. 4823654
Ravi Shah
NY State Bar No. 5720149
**ALSTON & BIRD LLP**
90 Park Ave., 15th Floor
New York, NY 10016
Telephone: 212-210-9400
Fax: 212-210-9444
Chris.McArdle@alston.com
Ravi.Shah@alston.com

*Attorneys for Plaintiffs
InterDigital, Inc. InterDigital VC Holdings,
Inc., InterDigital Patent Holdings, Inc., and
InterDigital Madison Patent Holdings SAS*

9

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document has been served on all counsel of record via the Court's CM/ECF system on June 5, 2024.

*/s/ M. Scott Stevens*
M. Scott Stevens

10

Case 5:23-cv-00493-FL-RN   Document 118   Filed 06/05/24   Page 11 of 11