IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-CV-00493-FL

| | |
|---|---|
| INTERDIGITAL INC., ) | |
| INTERDIGITAL VC HOLDINGS, INC., ) | |
| INTERDIGITAL PATENT HOLDINGS, ) | |
| INC., and ) | |
| INTERDIGITAL MADISON PATENT ) | |
| HOLDINGS SAS, ) | OPPOSITION TO MOTION TO |
| Plaintiffs, ) | STRIKE |
| v. ) | |
| ) | |
| LENOVO (UNITED STATES) INC., ) | |
| MOTOROLA MOBILITY LLC, and ) | |
| LENOVO PC HK LIMITED, ) | |
| Defendants. ) | |
| ) | |

**<u>LENOVO'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE</u>**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1
II. NATURE OF THE CASE ............................................................................................. 2
III. STATEMENT OF FACTS ............................................................................................ 3
IV. INTERDIGITAL'S MOTION TO STRIKE SHOULD BE DENIED ............................... 4

    A. Lenovo Had No Intention To Rely Upon Bordes Testimony on the Joint Claim Construction Statement Deadline Because It Could Not ........................................ 5

    B. Striking the Bordes Transcript Is Unwarranted Even if Local Civil Rule 304.3(b) Required Its Disclosure ........................................................................................ 7

V. CONCLUSION ............................................................................................................ 12

## I. INTRODUCTION

InterDigital faces no prejudice from Lenovo's quotation of inventor deposition testimony in its responsive claim construction brief. InterDigital indisputably had knowledge of Lenovo's contentions about the relevance of Dr. Bordes's testimony no later than April 2, 2024—and thus, InterDigital suffered no prejudice. On March 26, 2024, Lenovo notified InterDigital of a forthcoming notice to the Administrative Law Judge ("ALJ") in the co-pending Investigation before the International Trade Commission ("ITC") in which Lenovo would include the now-disputed testimony from Dr. Bordes. Lenovo contended that the testimony was relevant to the pending claim construction dispute for the means-plus-function terms of the '859 patent:

> [Lenovo] intend[s] to submit a short filing to the ALJ, identifying additional factual evidence adduced during discovery that is relevant to the claim construction of (i) the means-plus-function terms of the '859 patent and (ii) the sparse denoising filter term for the '556 patent. With respect to the former, Phillippe Bordes testified that there are thousands of ways to perform decoding, contradicting InterDigital's position that the claim terms denote a particular, known structure.

Ex. A at 2. On April 2, 2024, in response to InterDigital's request for the specific pages and line numbers from the deposition transcript, Lenovo provided exactly that: "Per your request, below are citations to the testimony and documents that we intend to provide to the ALJ[:] Bordes Dep. Tr. (Rough) at 190:16–193:19." Ex. A at 1. Thus, Lenovo gave InterDigital actual notice of its contention that the Bordes testimony was relevant to the disputed means-plus-function terms. InterDigital, therefore, was aware of Lenovo's contention a month ***before*** the filing of opening claim construction briefs in this case.

Local Civil Rule 304.3(b) requires identification of extrinsic evidence "known to the party ***on which it intends to rely***" for claim construction. Lenovo was unable to rely on the Bordes testimony as the filing of the JCCS in this case because InterDigital made it impossible.

1

InterDigital improperly designated the *entire* transcript as containing its confidential business information subject to the protective order, thereby forbidding Lenovo from disclosing the information in this case under the ITC's rules. *See* 19 U.S.C. § 1337(n)(1). Thus, unless and until InterDigital withdrew its confidential designation of the transcript (which it did only two days before the deadline for responsive claim construction brief), Lenovo was unable to rely on the testimony and could not disclose it. Disclosure under Rule 304.3(b) on March 18, 2024, therefore, was not an option.

II.   **NATURE OF THE CASE**

On September 1, 2023, InterDigital accused Lenovo of infringing United States Patent Nos. 10,250,877; 8,674,859; 9,674,556; 9,173,054, and 8,737,933. ECF No. 1, ¶ 2. InterDigital filed a companion case before the United States International Trade Commission asserting the same patents against Lenovo on September 1, 2023. ECF No. 14-1. This case and the co-pending ITC Investigation have advanced simultaneously, but the ITC Investigation has proceeded at a much faster pace. This case remains in the fact discovery phase. A claim construction hearing is set for July 25, 2024. ECF No. 120.

The ITC Investigation has progressed at a faster pace. In the ITC Investigation, the parties exchanged claim terms for identification on November 20, 2023, exchanged proposed meanings of the claim terms on November 30, 2023, and filed a joint claim construction chart on December 13, 2023. The parties filed claim construction briefs and served expert declarations on January 26, 2024. The parties deposed experts for claim construction in early February 2024. The ALJ held the *Markman* hearing on February 13, 2024.

## III. STATEMENT OF FACTS

On February 8, 2024, the parties exchanged claim terms that may need construction in this case. Although many of the terms were also identified in the co-pending ITC Investigation, differences between this case and the ITC Investigation existed. On February 29th, the parties exchanged the preliminary identification of extrinsic evidence. On March 18th, the parties filed the Joint Claim Construction Statement. ECF No. 78.

On March 14th, Lenovo deposed Dr. Philippe Bordes, an inventor identified on U.S. 8,674,859 ("'859 patent") in the ITC Investigation. On March 21st, Lenovo asked InterDigital to confirm that the rough transcript did not contain confidential business information, but InterDigital refused and affirmatively "designate[d] the entirety of the transcript[] as Confidential Business Information, Subject to Protective Order." Ex. B at 5.

On March 26th, Lenovo informed InterDigital in the ITC Investigation that it intended to submit a short filing identifying certain Bordes testimony as relevant to claim construction disputes for the '859 patent, including for the means-plus-function terms. Ex. A at 2. On March 27th, InterDigital asked for the specific page and line numbers of the testimony. *Id.* at 1. On April 2nd, Lenovo identified the specific page and line numbers from the confidential transcript. *Id.*

Lenovo then renewed its request to de-designate portions of the Dr. Bordes testimony from the ITC Investigation. Specifically, on April 24th, Lenovo reiterated its request to de-designate the portions of the transcript it originally requested in March. Ex. B at 4. On April 29th, Lenovo again reiterated its request because InterDigital failed to respond. *Id.* On April 30th, InterDigital finally agreed to de-designate portions of the (rough) transcript. *Id.* at 3-4.

Two days later, on May 2nd, the parties filed opening claim construction briefs in this case. ECF Nos. 99, 100. On May 7th, Lenovo asked InterDigital to de-designate the now-disputed portions of the final transcript of Dr. Bordes testimony that are cited in Lenovo's responsive claim construction brief. Ex. B at 3. Receiving no response, Lenovo reiterated its de-designation request on May 13th, May 17th, and May 20th. *Id.* at 1-2. On May 21st, InterDigital finally confirmed the portions of the transcript did not contain its confidential information. *Id.* at 1. Two days later, Lenovo cited the portions of the de-designated transcript in its responsive claim construction brief. ECF No. 111 at 4, 16.

## IV. INTERDIGITAL'S MOTION TO STRIKE SHOULD BE DENIED

Lenovo did not intend to rely upon Dr. Bordes deposition transcript on the date the parties filed the JCCS because it could not. InterDigital designated the transcript as containing its confidential business information. Consequently, the ITC rules forbid such disclosure: "Information submitted . . . which is properly designated as confidential . . . may not be disclosed . . . to any person . . . without the consent of the person submitting it."). *See* 19 U.S.C. § 1337(n)(1). Because Local Civil Rule 304.3(b) requires disclosure of "extrinsic evidence ***known to the party on which it intends to rely***," and Lenovo was unable to rely on the confidential deposition testimony as of the filing deadline for the JCCS, no violation occurred. Moreover, the full context of the claim construction dispute before the co-pending ITC Investigation confirms that Lenovo provided ample notice to InterDigital—by page and line number—that portions of the Bordes transcript were relevant to the means-plus-function claim construction dispute pending in the ITC and this Court. InterDigital's objection, therefore, elevates form over substance. Striking the testimony, therefore, is unwarranted.

### A. Lenovo Had No Intention To Rely Upon Bordes Testimony on the Joint Claim Construction Statement Deadline Because It Could Not

As of the filing deadline for the JCCS, Lenovo could not rely upon the confidential deposition transcript from Dr. Bordes in support of any claim construction position because the ITC's rules prohibited Lenovo from doing so. 19 U.S.C. § 1337(n)(1) ("Information submitted . . . which is properly designated as confidential pursuant to Commission rules may not be disclosed . . . to any person . . . without the consent of the person submitting it."). Because Lenovo could not rely on the transcript (and had no intention to do so), disclosure was not required, and thus, no violation of Local Rule 304.3(b) occurred. *See Dynatemp Int'l, Inc. v. R421A, LLC*, 560 F. Supp. 3d 969, 973 (E.D.N.C. 2021) (Local Civil Rule 304.3(b) "does not require the joint claim construction statement to include extrinsic evidence if that evidence is not known to the party or if the party does not intend to rely upon it."). "Local Patent Rule 304.3(b) imposes a subjective standard, that turns on a party's knowledge and intent at the time the joint claim construction is filed." *Id.*

InterDigital's persistent improper designation of the transcript as confidential delayed its disclosure. Only InterDigital had the ability to de-designate the Dr. Bordes transcript because it designated the transcript as containing confidential business information subject to protective order in the first place. During the deposition of Dr. Bordes, Lenovo focused its deposition on public information about the alleged invention and prior art and avoided discussion of InterDigital's confidential business information. On March 21st, one week after the deposition, Lenovo sought InterDigital's confirmation that certain portions of the transcript did not contain InterDigital's confidential information. Ex. B at 5. Rather than provide that confirmation, InterDigital instead retroactively "designate[d] the entirety of the transcripts as Confidential Business Information, Subject to Protective Order," and said they would evaluate the specific

5

portions of the transcript within ten days. *Id.* That did not happen. Instead, on March 29th, Lenovo was provided a "redesignated" transcript, which prominently labeled the entire transcript as "Containing Confidential Business Information, Subject to Protective Order." Ex. C. Thus, InterDigital's use of improper confidentiality designations prevented Lenovo from identifying the disputed testimony in this case.

InterDigital introduced substantial delays in the de-designation of the Dr. Bordes transcript. In addition to improperly designating the entire transcript as confidential in the first place, InterDigital repeatedly delayed Lenovo's requests to de-designated portions of the transcript. Having received no response, on April 24th, Lenovo again asked InterDigital to de-designate portions of the Dr. Bordes deposition transcript it previously sought in March. Ex. B at 4. But InterDigital did not respond. On April 29th, Lenovo again reiterated its request. *Id.* Finally, on April 30th—more than a month after Lenovo's initial request, InterDigital confirmed those specific portions did not contain its confidential business information. *Id.* at 3-4. On May 7th, Lenovo requested InterDigital confirm the additional portions of the transcript that InterDigital now seeks to strike did not contain its confidential business information. *Id.* Again, InterDigital said nothing. Lenovo reiterated its request on May 13th and May 16th. *Id.* at 2. On May 17th, InterDigital promised to respond on the following Monday—but it did not. *Id.* at 1-2. So Lenovo reiterated its request again on May 20th. *Id.* at 1. Finally, on May 21st—just two days before the deadline to serve responsive claim construction briefs—InterDigital finally confirmed that those portions of the transcript did not contain its confidential business information. *Id.* Thus, InterDigital's own non-responsiveness and delay generated the prejudice it now lays at Lenovo's feet.

6

In light of InterDigital's persistent designation of the deposition transcript as containing its confidential business information in the ITC Investigation, Lenovo did not have and could not have any intention of relying on the transcript until it became public just two days before the deadline to file responsive claim construction briefs.

B. *Striking the Bordes Transcript Is Unwarranted Even if Local Civil Rule 304.3(b) Required Its Disclosure*

For the reasons explained above, no violation of Local Civil Rule 304.3(b) occurred. But even if disclosure was required, striking the testimony is unwarranted in this case. Courts in the Fourth Circuit apply the *Southern States* factors for evaluating whether the non-disclosure of evidence is substantially justified or harmless, including within the context of claim construction disclosures. *See Durr Sys., Inc. v. EFC Sys. Inc.*, No. GJH-18-2597, 2021 WL 351175, at *10 (D. Md. Feb. 2, 2021) (citing *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)); *see also GMG Gesellschaft Fur Modulare Greifersysteme MBH v. Robotiq Inc.*, No. 2:16CV573, 2017 WL 11505257, at *2 (E.D. Va. Oct. 6, 2017) (applying the *Southern States* factors when evaluating a motion to strike undisclosed claim construction evidence). The Fourth Circuit explains the following four factors guide the analysis:

> a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). Each of these factors weighs heavily against exclusion.

**Lenovo's Use of the Bordes Testimony Was Predictable.** InterDigital cannot genuinely dispute its awareness of Lenovo's contention that portions of the Bordes transcript are

7

relevant to the claim construction disputes. When considering the full context of the claim construction dispute—including before the ITC—InterDigital indisputably had knowledge of Lenovo's contentions about the relevance of the Dr. Bordes testimony by April 2, 2024—at least one month before filing its opening claim construction brief in this case. Specifically, Lenovo notified InterDigital of its contention that the Dr. Bordes testimony was relevant to the disputed means-plus-function terms for the '859 patent explaining it "intend[s] to submit a short filing to the ALJ, identifying additional factual evidence adduced during discovery that is relevant to the claim construction of (i) the means-plus-function terms of the '859 patent" including that "Phillippe Bordes testified that there are thousands of ways to perform decoding, contradicting InterDigital's position that the claim terms denote a particular, known structure." Ex. A at 2. On April 2nd, in response to InterDigital's request for the specific pages and line numbers of the relevant Bordes transcript, Lenovo disclosed the specific citation to the (now disputed) testimony in the rough transcript: "Per your request, below are citations to the testimony and documents that we intend to provide to the ALJ[:] Bordes Dep. Tr. (Rough) at 190:16–193:19." *Id.* at 1. Thus, Lenovo gave InterDigital actual notice of its contention that the Bordes transcript was material to the means-plus-function claim construction dispute by April 2, 2024.

InterDigital repeatedly recognizes (at 3, 6, 8) that the claim construction disclosures and evidence in this case parallel the claim construction disputes in the co-pending ITC case.[1] Thus, InterDigital cannot credibly claim surprise that Lenovo identified the same previously-identified

---

[1] InterDigital treats this litigation and the ITC Investigation as essentially one dispute with a shared record. For example, to oppose Lenovo's motion to compel discovery, InterDigital stated it "had already provided to Lenovo [documents] in a parallel ITC proceeding." ECF No. 116 at 4.

testimony to address the same dispute in this case as it did in the co-pending ITC Investigation. Thus, this factor weighs heavily against exclusion of the evidence.

**Ability to cure.** Although no genuine surprise exists, InterDigital has demonstrated its ability to substantively respond to the testimony its motion concerns (at 9-10). Specifically, InterDigital contends Figure 13 of the '859 patent provides sufficient corresponding structure because a person of ordinary skill in the art would have a "good idea" about how to implement each box of the figure and supports this contention with its expert. ECF No. 119 at 10. But this is the same argument InterDigital advanced in its responsive claim construction brief (InterDigital even cites the same paragraph of its expert's declaration as in its responsive claim construction brief). *See* ECF No. 112 at 26-27. Although Lenovo disagrees with this theory (s*ee, e.g.*, ECF No. 111 at 17), InterDigital's lack of any additional arguments demonstrates that InterDigital had ample ability to cure any prejudice. This factor, therefore, heavily weighs against exclusion.

**Disruption of trial.** No trial date has been set in this case so the disclosure of the testimony will not disrupt trial in any way. Moreover, ample time remains for InterDigital to prepare for the *Markman* hearing in this case. *See Jaguar Land Rover Ltd. v. Bentley Motors Ltd.*, No. 2:18-CV-320, 2020 WL 7680553, at *3 (E.D. Va. Mar. 11, 2020). This factor weighs against exclusion.

**Importance of the evidence.** The parties dispute the importance of the evidence, but this factor is "a double-edged factor that must be assessed from both parties' perspectives." *Teeter v. Loomis Armored US, LLC*, No. 7:20-CV-00079, 2021 WL 6200506, at *9 (E.D.N.C. Nov. 23, 2021). Striking evidence that would "undermine full and fair determination of the merits of the

9

issues presented" weighs against exclusion. *Lightfoot v. Georgia-Pac. Wood Prod., LLC*, No. 7:16-CV-244-FL, 2018 WL 4517616, at *8 (E.D.N.C. Sept. 20, 2018).

The Bordes deposition provides important context for understanding the alleged invention of switching points as well as the lack of structure corresponding to the mean-plus-function terms. First, Lenovo (at ECF No. 111 at 4) quoted Dr. Bordes's testimony about how the claimed switching points are the locations in the stream at which a probability model may be replaced. Dr. Bordes described the invention as "hav[ing] an alternative not to use this probability update but rather to significantly change the probability model" at switching points. ECF No. 111-2 at 190:5-9. As explained in Lenovo's claim construction brief, replacing probability models—not merely updating the same probability model—is the alleged invention of the '859 patent and the core of the dispute for the term "switching point." ECF No. 111 at 7-8. The inventor may testify about what the invention is for understanding the scope of the invention. *Voice Techs. Grp., Inc. v. VMC Sys., Inc.*, 164 F.3d 605, 615 (Fed. Cir. 1999) ("An inventor is a competent witness to explain the invention and what was intended to be conveyed by the specification and covered by the claims.").

Second, Lenovo (at ECF No. 111 at 16) relied on Dr. Bordes testimony stating the '859 patent's Figure 13 and entropy decoding module 1300 do not disclose any specific structure but instead provides a "very high level description" from which a POSITA could implement a "huge" number of implementations. This testimony confirms that, from the standpoint of a person of ordinary skill in the art—which Dr. Bordes is—the specification does not disclose adequate supporting structure for its means-plus-function terms. For this reason, Dr. Bordes explained that Figure 13—the only figure InterDigital identifies as disclosing supporting structure—depicts the main functionality but at the time of the invention there were "a lot of

10

way[s] to do it." ECF No. 111-2 at 192:23-193:9.  Lenovo argued that this testimony confirmed that the means-plus-function terms lacked sufficient corresponding structure, thereby rendering the asserted claims invalid under 35 U.S.C. § 112.  ECF No. 111 at 15.  Thus, the testimony provides highly relevant context for understanding the lack of sufficient disclosure for corresponding structure.

InterDigital characterization of the testimony (at 1) as having "little to no value" for claim construction is unfounded.  The two decisions upon which InterDigital relies—*Roton Barrier, Inc. v. The Stanley Works*, 79 F.3d 1112, 1126 (Fed. Cir. 1996) and *Howmedica Osteonics Corp. v. Wright Medical Technology, Inc.*, 540 F.3d 1337, 1346 (Fed. Cir. 2008)—both stand for the proposition that after-the-fact inventor testimony cannot *change* the scope of the claim.  Lenovo, however, did not rely on the Bordes deposition to change the meaning of any claim terms but simply to discuss his understanding of the alleged invention and the contents of the figures from the specification.  ECF No. 111 at 4, 16.  An inventor is competent to testify about his or her invention.  *Voice Techs.*, 164 F.3d at 615.  Consequently, this factor weighs against striking the testimony.

**Justification for Untimely Disclosure.**  As explained above, Lenovo did not intend to identify the Bordes testimony unless and until it was no longer subject to the protective order in the co-pending ITC investigation.  Despite Lenovo's diligence, InterDigital consented to the disclosure only two days before the responsive claim construction brief filing deadline.  Thus, no violation of Local Civil Rule 304.3(b) occurred because Lenovo did not intend to rely on the Bordes transcript as of the deadline to file the JCCS.  Further, InterDigital's retroactive and improper designation of the Bordes transcript as containing its confidential business information subject to the ITC protective order prevented Lenovo from identifying the testimony in this case

11

any earlier under the Commission's rules. Lenovo provided actual notice to InterDigital that it considered the Bordes transcript relevant to the same claim construction dispute in the ITC Investigation.

***

The *Southern States* factors collectively weigh heavily against exclusion of the evidence. In light of InterDigital's actual notice of Lenovo's contentions, the motion is nothing more than a dispute about the form, not substance. To the extent any violation occurred, the Local Rules emphasize that they are intended to "to facilitate the speedy, fair and efficient resolution of patent disputes" and that "[t]he court may accelerate, extend, eliminate, or modify the obligations or deadlines set forth in these Local Patent Rules based on the circumstances of any particular case[.]" Local Civil Rule 301.2(a), (c). Given the full context of the claim construction dispute in the co-pending ITC Investigation and this case, Lenovo requests that the Court deny InterDigital's motion to strike.

## V. CONCLUSION

Lenovo respectfully opposes InterDigital's Motion to Strike Portions of its Responsive Claim Construction brief.

This 28th day of June, 2024.

*/s/ Raymond M. Bennett*
Raymond M. Bennett (NC Bar No. 36341)
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: 919-755-2158
Facsimile: 919-755-6068
Ray.Bennett@wbd-us.com

Jacob S. Wharton (NC Bar No. 37421)
WOMBLE BOND DICKINSON (US) LLP
One West 4th St.
Winston-Salem, NC 27601
Telephone: 919-747-6609
Jacob.Wharton@wbd-us.com

Adam Shartzer
FISH & RICHARDSON P.C.
1000 Maine Ave SW
Washington, D.C. 20024
Telephone: 202-626-6380
shartzer@fr.com
*Special Appearance Pursuant to L.R. 83.1*

Jack R. Wilson IV
FISH & RICHARDSON P.C.
1000 Maine Ave SW
Washington, D.C. 20024
Telephone: 202-626-6415
jwilson@fr.com
*Special Appearance Pursuant to L.R. 83.1*

*Attorneys for Defendants*

*Lenovo PC HK Limited*
*Lenovo (United States) Inc.*
*Motorola Mobility LLC*

13