IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00493-FL

**InterDigital, Inc.**, et al.,

    Plaintiffs,

v.

**Lenovo (United States) Inc.**, et al.,

    Defendants.

**Order**

    Plaintiff InterDigital, Inc., a research and design company for wireless communications and digital video technology, claims Defendant Lenovo (United States) Inc. is infringing on several of its patents. In response, Lenovo brought a counterclaim against InterDigital under the North Carolina Patent Assertions Act (NCAPAA). Lenovo has filed this Motion to Compel (D.E. 106) seeking discovery for its counterclaim. Having considered the parties' arguments, the court will grant Lenovo's motion in part.

**I.    Background**

    InterDigital is a research and design company for wireless communication and digital video technology. Mem. in Opp. at 2, D.E. 116. InterDigital licenses its patents to several technology companies, including Lenovo. *Id.* In September 2023, InterDigital brought a patent infringement suit against Lenovo in this court claiming that Lenovo was infringing on several of its patents. Compl., D.E. 1. Before suing here, InterDigital asked a U.K. court to set a global royalty rate for a Lenovo license of certain InterDigital patents. Mem. in Supp. at 2. InterDigital also asserted different patents against Lenovo in the International Trade Commission. *Id.*

In response, Lenovo brought a counterclaim against InterDigital under the North Carolina Abusive Patent Assertions Act (NCAPAA). Answer to Second Am. Compl. ¶¶ 179–87, D.E. 71. Lenovo claims that InterDigital's assertions of patent infringement are abusive and made in bad faith. *Id.* It maintains InterDigital failed to conduct an analysis sufficient to identify the specific infringement by the products. *Id.* ¶ 187. And it believes that InterDigital is attempting to license these patents for an amount that is not based on a reasonable estimate of the value of the license. *Id.* ¶ 188.

To support its claim, Lenovo sought discovery on topics it feels are relevant to its NCAPAA-related allegations. When InterDigital balked at providing that discovery, Lenovo filed this motion to compel. Mem. in Supp. at 2.

## II. Discussion

The Federal Rules allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The Rules provide several tools, including interrogatories and requests for production, to obtain discovery from other parties. *Id.* 33, 34.

The Federal Rules also allow a requesting party to move to compel if the responding party's discovery responses are incomplete or inadequate. Fed. R. Civ. P. 37(a). The party resisting or objecting to discovery "bears the burden of showing why [the motion to compel] should not be granted." *Mainstreet Collection, Inc.* v. *Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). To meet this burden, the non-moving party "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Id.*

2

### A. Discovery Related to Bad Faith Factor No. 5

The NCAPAA lists several factors that a court may consider as evidence of whether a party made an assertion of patent infringement in good faith or in bad faith. Lenovo claims that several of its discovery requests relate to Bad Faith Factor 5:

> (5) The person offers to license the patent for an amount that is not based on a reasonable estimate of the value of the license, or the person offers to license the patent for an amount that is based on the cost of defending a potential or actual lawsuit.

N.C. Gen. Stat. § 75–143(a)(5). The parties disagree, however, about whether this factor focuses on offers to license the patent made only to the allegedly infringing party or whether it encompasses offers to license the patent that the patentee has made to anyone.

Resolving this question requires a federal court to interpret North Carolina state law. In doing so, this court must "'predict' how the Supreme Court of North Carolina would rule on that issue." *Knibbs* v. *Momphard*, 30 F.4th 200, 213 (4th Cir. 2022) (quoting *Rhodes* v. *E.I. du Pont de Nemours & Co.*, 636 F.3d 88, 96 (4th Cir. 2011)). Discerning how the state's highest court would resolve that question requires looking, first, at any opinions from that court on the issue. *Stahle* v. *CTS Corp.*, 817 F.3d 96, 100 (4th Cir. 2016). If no opinions exist from that court, then this court may consider opinions from the state's intermediate appellate court, treatises, "and 'the practices of other states.'" *Twin City Fire Ins.* v. *Ben Arnold-Sunbelt Beverage Co. of S.C.*, 433 F.3d 365, 369 (4th Cir. 2005) (quoting *Wade* v. *Danek Med., Inc.*, 182 F.3d 281, 286 (4th Cir. 1999)). When engaging in this analysis, a federal court "should respond conservatively when asked to discern governing principles of state law." *Rhodes,* 636 F.3d at 979–80. And it "should not create or expand [a] State's public policy." *St. Paul Fire & Marine Ins.* v. *Jacobson*, 48 F.3d 778, 783 (4th Cir. 1995).

3

North Carolina's appellate courts have not wrangled with the scope of Bad Faith Factor 5. But the Supreme Court of North Carolina has explained its approach to statutory interpretation. When interpreting a statute that court is attempting to determine the intent of the legislature that enacted the law. *Wynn* v. *Frederick*, 385 N.C. 576, 581, 895 S.E.2d 371, 377 (2023). To do so, the court first looks to "the plain words of the statute[.]" *Id.* If court concludes the statute is unambiguous, it will "apply the statue[] as written. *Id.* (alteration in original). But if the statute is ambiguous, a North Carolina court must "look to other methods of statutory construction such as the broader statutory context, 'the structure of the statute[,] and certain canons of statutory construction' to ascertain the legislature's intent." *Id.* (quoting *Elec. Supply Co. of Durham* v. *Swain Elec. Co.*, 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991)).

The plain language of Bad Faith Factor 5 provides no guidance on the scope the North Carolina legislature intended to give it. The structure of the NCAPAA, however, does. The remainder of the Act shows that when the North Carolina General Assembly wished for a court to consider conduct that goes beyond the parties before the court, it knew how to do so.

For example, another Bad Faith Factor focuses on whether "[t]he person making the claim or assertion sent the same demand or substantially the same demand to multiple recipients and made assertions against a wide variety of products and systems[.]" N.C. Gen. Stat. § 75–143(a)(9). And among the Good-Faith Factors listed in the statute is whether "[t]he person has demonstrated good-faith business practices in previous efforts to enforce the patent, or a substantially similar patent, or has successfully enforced the patent, or a substantially similar patent, through litigation." *Id.* § 75–143(b)(6).

Had it wished to do so, the North Carolina General Assembly could have drafted Bad Faith Factor 5 to include offers to license a patent that were made to others or offers made in

4

other cases. But it did not. So the court concludes that, given the structure of § 75–143, the Supreme Court of North Carolina would find that Bad Faith Factor 5 focuses only on offers to license a patent that are made between the parties to this litigation and not offers made to others. *See Evans* v. *Diaz*, 333 N.C. 774, 779–80, 430 S.E.2d 244, 247 (1993) ("Under the doctrine of *expressio unius est exclusio alterius*, when a statute lists the situations to which it applies, it implies the exclusion of situations not contained in the list."). Thus offers that InterDigital has made to others to license its patents are not relevant to the claims and defenses here. The motion to compel on this point is denied.

### B. Request for Production No. 58

In Request for Production 58, Lenovo seeks documents showing InterDigital's evaluation of whether any accused product infringes any claim of the Asserted Patents and the resulting determination to bring this action based on that evaluation.

The parties agreed that they have resolved their dispute over this discovery request. Hr'g Tr. at 31:1–5, D.E. 123. Thus the court denies this portion of Lenovo's motion as moot.

### C. Request for Production No. 62

In Request for Production 62, Lenovo asks InterDigital to produce documents showing any communication in which it accused another person of infringing the asserted patents. It claims this request is relevant to Bad-Faith Factor 9:

> (9) The person making the claim or assertion sent the same demand or substantially the same demand to multiple recipients and made assertions against a wide variety of products and systems without reflecting those differences in a reasonable manner in the demands.

N.C. Gen. Stat. § 75–143(a)(9). The statute defines "demand" as:

(2) Demand.--A letter, e-mail, or other communication asserting or claiming that a target has engaged in patent infringement or should obtain a license to a patent.

N.C. Gen. Stat. § 75–142.

InterDigital says that it never sent a demand to Lenovo. Resp. in Opp. at 9, D.E. 116. But given the broad definition of the term "demand" and the substantial litigation that has occurred between the parties, the court finds it impossible to believe that InterDigital never sent correspondence to Lenovo accusing it of patent infringement or suggesting that it needed to obtain a license to the asserted patents. So the court rejects this argument.

Additionally, InterDigital says it should not have to supplement its response because it "has provided (or shortly will produce) all executed licenses and claim charts created during the process that led to the licenses, which disclose InterDigital's contentions." *Id.* InterDigital has not persuaded the court that providing executed licenses and claim charts satisfies its obligation to respond to Request 62.

And while it asserts that requiring it to produce any other documents would violate Rule 26's proportionality requirement, *id.*, it provides no evidence to support that position. So this argument is also unpersuasive. *See Mondragon* v. *Scott Farms*, Inc., 329 F.R.D. 533, 549 n.4 (E.D.N.C. 2019).

As a result, the court will grant the motion to compel with respect to Request 62. InterDigital must fully respond to Request 62 within 14 days from the entry of this order.

### D. Request for Production No. 96

Finally, Lenovo seeks documents showing InterDigital's contracts and agreements with third parties to produce products using the invention claimed in any claim of the asserted patents.

Lenovo claims this information is relevant to Good-Faith Factor 4, N.C. Gen. Stat. § 75–143(b)(4), which focuses on whether a party makes a substantial investment in the use of these patents. InterDigital says that it either has or will produce these agreements and is obtaining third-party approval to produce them.

InterDigital must produce documents responsive to Request 96 no later than 14 days after entry of this order. To the extent InterDigital believes that it is contractually prohibited from disclosing a responsive document, it must produce a log describing, generally, the withheld document and the basis for withholding it. This log must be produced no later than 14 days after entry of this order. The parties must meet and confer about documents contained in the log no later than 14 days after its production. If the parties are unable to reach an agreement on the timing or manner of production of those documents, they should contact Judge Numbers's case manager and the court will set a hearing to resolve the matter.

### III. Conclusion

For all these reasons, the court grants in part and denies in part Lenovo's motion to compel. D.E. 106. Because this motion was granted in part and denied in part, each party will bear their own costs.

Dated: August 12, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge