IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-cv-00493-FL

INTERDIGITAL INC.,
INTERDIGITAL VC HOLDINGS, INC.,
INTERDIGITAL PATENT HOLDINGS,
INC., and INTERDIGITAL MADISON
PATENT HOLDINGS SAS,

    Plaintiffs,

  v.

LENOVO (UNITED STATES) INC.,
MOTOROLA MOBILITY LLC, and
LENOVO PC HK LIMITED,

    Defendants.

**LENOVO'S PARTIAL OBJECTION TO THE ORDER COMPELLING PRODUCTION
PURSUANT TO FED. R. CIV. P. 72(a)**

I.      INTRODUCTION

To ensure a complete examination of InterDigital's licensing activities, Lenovo requests that the Court modify one small, but critical part of the August 13, 2024 Order ("Order"). ECF No. 145 at 3-5. On August 13, 2024, Magistrate Judge Numbers compelled InterDigital to produce most of the discovery Lenovo requested. The Order denied Lenovo's requested relief in one key respect, however. The Order erroneously concluded that "offers that InterDigital has made to others to license its patents are not relevant to the claims and defenses." By narrowly focusing on which demand would qualify under the statute as the bad-faith act, the Order overlooked the core of Bad-Faith Factor 5. Bad Faith Factor 5 expressly compares InterDigital's *bad-faith* demand to Lenovo with InterDigital's ostensibly *good-faith* demands to others (which are likely to reflect "reasonable estimate[s] of the value of the license."). N.C. Gen. Stat. § 75-143(a)(5). Because *good-faith* offers that InterDigital has made to others to license its patents reflect reasonable estimates of the value of the license, InterDigital's offers to others are relevant to the *bad-faith* offers InterDigital made to Lenovo. That makes these highly relevant offers discoverable. Modification of the Order under Rule 72 is called for because the Order rests on a misapplication of the law. Fed. R. Civ. P. 72(a). A proper application of Bad Faith Factor 5 must account for the comparison between the unlawful *bad-faith* offer to Lenovo and *good-faith* offers to others. Discovery of these *good-faith* offers should be permitted.

II.     LEGAL STANDARD

A.      Review of Magistrate Judge Rulings

Under Fed. R. Civ. P. 72(a) and Local Rule 72.4(a) when a party timely objects to a Magistrate Judge's order, the District Court judge must consider "and modify or set aside any part of [such] order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "A factual finding is clearly erroneous when the [] court is left with the definite and firm conviction

1

that a mistake has been committed." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 188 (4th Cir. 2009). "A ruling that is contrary to law is one where 'the magistrate judge has misinterpreted or misapplied applicable law.'" *Jones v. Campbell Univ.*, No. 5:20-CV-29-BO, 2021 U.S. Dist. LEXIS 134762, at *10 (E.D.N.C. July 19, 2021) (quoting *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008)). "'Contrary to law' indicates plenary review of legal conclusions," i.e., review *de novo*. *Vaitkuviene v. Syneos Health, Inc.*, No. 5:18-CV-29-FL, 2021 U.S. Dist. LEXIS 163473, at *17 (E.D.N.C. Aug. 30, 2021).

### B. Scope of Discovery

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Discovery rules are to be "accorded broad and liberal treatment to effectuate their purpose that civil trials in the federal courts no longer need be carried on in the dark." *Schlagenhauf v. Holder*, 379 U.S. 104, 114-15 (1964). The scope of discovery is broad. *Beach Mart v. L&L Wings*, No. 2:11-CV-00044-F, 2015 U.S. Dist. LEXIS 201134, at *4 (E.D.N.C. May 5, 2015). When a party fails to answer an interrogatory or to produce documents, the party seeking such discovery may move for an order compelling an answer and production. Fed. R. Civ. P. 37(a)(3). The party opposing a motion to compel bears the burden to demonstrate why discovery should not be granted. *Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp. 2d 503, 533 (E.D.N.C. 2012), *aff'd*, 551 F. App'x 646 (4th Cir. 2014).

## III. ARGUMENT

### A. InterDigital's Offers to License the Patents *to Others* Are Evidence of InterDigital's Own Good-Faith Estimate of Value for Bad Faith Factor 5

InterDigital's good-faith estimates of the value of the Asserted Patents during licensing negotiations with others is material to Lenovo's NCAPAA counterclaim. Under the NCAPAA, "[i]t is unlawful for a person to make a bad-faith assertion of patent infringement," which the

statute measures using twelve bad-faith factors. N.C. Gen. Stat. § 75-143(a). Central to Lenovo's counterclaim is Bad Faith Factor 5, which considers the bad-faith value of the patentee's licensing demand compared to the good-faith value of the patent license: "[t]he person offers to license the patent for an amount that is not based on a reasonable estimate of the value of the license . . . ." *Id.* § 75-143(a)(5).

Shortly after the Court denied InterDigital's motion to dismiss Lenovo's NCAPAA counterclaim, Lenovo asked InterDigital to supplement responses to specific discovery requests and produce documents related to the counterclaim, including Interrogatory No. 4. That Interrogatory seeks, in part, a detailed description of InterDigital's "efforts to license, or otherwise exploit the Asserted Patents and/or Related Patents or Applications in the United States." ECF No. 108-9 (Lenovo's Interrogatory No. 4). The Interrogatory also explains that a complete response would include "all terms of such agreements, including all drafts, licensing fees and/or licensing Rate[.]" *Id.* Because InterDigital refused to produce all responsive information or respond fully to this interrogatory, Lenovo moved to compel. ECF No. 106. The court granted nearly all of Lenovo's requested relief, denying only discovery related to Bad Faith Factor 5. ECF No. 145.

But the Order misunderstands Bad Faith Factor 5. The Order concludes that the focus of Bad Faith Factor 5 is InterDigital's unlawful bad-faith demand to Lenovo. Order at 5. While that is part of Bad Faith Factor 5, it is not what is fully contemplated by the factor. It is true that with respect to Bad Faith Factor 5, what matters is whether InterDigital made a bad-faith demand *to Lenovo*. But that cannot be confirmed without knowing what good faith demands were made to others. The text of Bad Faith Factor 5 confirms that additional information can be used to determine whether InterDigital's offer to Lenovo was in bad faith. Factor 5 considers the value

3

of the patentee's licensing demand *relative to* the value of the patent license: "[t]he person offers to license the patent for an amount that is not based on a reasonable estimate of the value of the license[.]" *Id.* § 75-143(a)(5). The plain language of the factor compares the value of InterDigital's unlawful bad-faith demand to Lenovo against "a reasonable estimate of the value of the license," i.e., *good-faith* valuations. *Id.* While the factor is focused on InterDigital's bad-faith demand to Lenovo the Order erred by not considering that InterDigital's good-faith offers to others informs the factor's the comparison—the "reasonable estimate of the value of the license." *Id.* Because of this misapplication, the Order prevents Lenovo from juxtaposing InterDigital's bad-faith demand to Lenovo with InterDigital's ostensibly good-faith offers to others.

      InterDigital's good-faith offers to others are probative of the "reasonable estimate of the value of the license" and are thus discoverable. "A discovery request is relevant if there is any possibility that the information sought might be relevant to the subject matter of [the] action." *Hicks v. Hous. Baptist Univ.*, No. 5:17-CV-629-FL, 2020 U.S. Dist. LEXIS 8382, at *5 (E.D.N.C. Jan. 17, 2020). Properly applies, InterDigital's good-faith offers to others bear on Bad Faith Factor 5 because those offers reflect the value of the license. *See, e.g.*, *Curtis Mfg. Co. v. Plasti-Clip Corp.*, 933 F. Supp. 94, 100 (D.N.H. 1995) ("One such factor is the prior or existing royalties received by the patentee for the licensing of the patent in question. Related to this factor is evidence of prior offers to license by the patentee."); 6A Chisum on Patents § 20.03 (2024) ("If the owner chooses to exploit the patent through offering licenses at an established royalty rate, that rate is the appropriate basis for recovery."). The Federal Circuit has held that even "license proposals," which are akin to InterDigital's offers to others, "should carry considerable weight in calculating a reasonable royalty" and may be relevant to determining a reasonable

4

royalty. *Unisplay, S.A. v. Am. Elec. Sign Co.*, 69 F.3d 512, 519 (Fed. Cir. 1995). InterDigital's good-faith offers to license the Asserted Patents to others are thus probative of the Bad Faith Factor 5's inquiry into the "reasonable estimate of the value of the license." The Court should therefore modify the Order and compel InterDigital to produce all offers to license the Asserted Patents in negotiations with others.

> B. **Modification of the Order to Compel InterDigital to Produce Valuations of the Asserted Patents in Negotiations with Others is Warranted**

Modification of the Order under Fed. R. Civ. P. 72(a) and Local Rule 72.4(a) is appropriate here because the Order "misapplied applicable law." *Jones*, No. 5:20-CV-29-BO, 2021 U.S. Dist. LEXIS 134762, at *10. The Order correctly observes (at 3), that when called upon to interpret a North Carolina statute, the Court must use the interpretative methodology set out by the North Carolina Supreme Court. *See Wynn v. Frederick*, 385 N.C. 576, 581, 895 S.E.2d 371, 377 (2023); *see also Wells v. Liddy*, 186 F.3d 505, 528 (4th Cir. 1999). The interpretative framework in North Carolina is purposivism. *See Whitmire v. Southern Farm Bureau Life Ins.,* 52 F.4th 153, 157 (4th Cir. 2022). The North Carolina Supreme Court explained how courts should apply purposivism to interpret state statutes: "courts should always seek to give effect to the legislative intent, which may be discerned by consideration of the purpose of the statute, 'the evils it was designed to remedy, the effect of proposed interpretations of the statute, and the traditionally accepted rules of statutory construction.'" *State v. Gaines*, 332 N.C. 461, 469, 421 S.E.2d 569, 572 (1992) (*quoting State v. Tew*, 326 N.C. 732, 738, 392 S.E.2d 603, 607 (1990)). The goal of this methodology is "to determine the meaning that the legislature intended upon the statute's enactment." *State v. Rankin*, 371 N.C. 885, 889, 821 S.E.2d 787, 792 (2018). The intention of the legislature is derived "from the plain language of the statute, then from the legislative history, the spirit of the act and what the act seeks to

accomplish." *Id.* And "where [a] statute is ambiguous or unclear as to its meaning, the courts must interpret the statute to give effect to the legislative intent." *Frye Reg'l Med. Ctr., Inc. v. Hunt*, 350 N.C. 39, 45, 510 S.E.2d 159, 163 (1999).

The Order correctly looks first to the plain words of the Bad Faith Factor 5 to determine the legislature's intent. Order at 3. But it erred when it concluded that the plain language of Bad Faith Factor 5 requires the bad-faith factor to be conducted in a vacuum—without reference to any evidence of what the defendant considers to be a *good-faith* offer to others. *Id.* The plain words of Bad Faith Factor 5 consider the value of the patentee's licensing demand ***relative to*** a reasonable estimate of the value of the patent license: "[t]he person offers to license the patent for an amount that is not based on a reasonable estimate of the value of the license[.]" *Id.* § 75-143(a)(5). The plain language, therefore, contemplates comparison of InterDigital's demand of Lenovo with other "reasonable estimate[s] of the value of the license," which includes InterDigital's own good-faith offers to license the Asserted Patents in negotiations with others. *Id.* Lenovo should be able to compare InterDigital's bad-faith demand to Lenovo with InterDigital's good-faith demand to others. Because the plain language of Bad Faith Factor 5 unambiguously considers a comparison between InterDigital's demand of Lenovo and other estimates of the value of a license, the Order should have applied the factor as written and allowed discovery into the offers made by InterDigital to others. *Wynn*, 385 N.C. at 581; *see also Eisenbise v. Crown Equip. Corp.*, No. 15-CV-972-AJB-WVG, 2015 U.S. Dist. LEXIS 194898, at *6 (S.D. Cal. Dec. 4, 2015) (holding "misapplication of the Federal Rules" was subject to de novo review). InterDigital's good-faith representations about the value of the Asserted Patents in negotiations with others are highly relevant to Bad Faith Factor 5 and thus InterDigital should be compelled to produce them.

## IV. CONCLUSION

For reasons above, the Court should modify the Order and compel InterDigital to produced the valuations of the Asserted Patents in negotiations with others.

Dated: August 27, 2024                                  Respectfully submitted,


By: */s/ Raymond M. Bennett*
Raymond M. Bennett (NC Bar No. 36341)
**WOMBLE BOND DICKINSON (US) LLP**
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Tel: (919) 755-2158
Fax: (919) 755-6068
Ray.Bennett@wbd-us.com

Jacob S. Wharton (NC Bar No. 37421)
**WOMBLE BOND DICKINSON (US) LLP**
One West 4th St.
Winston-Salem, NC 27601
Tel: (919) 747-6609
Jacob.Wharton@wbd-us.com

Adam Shartzer
**FISH & RICHARDSON P.C.**
1000 Maine Ave SW
Washington, D.C. 20024
Tel: (202) 626-6380
shartzer@fr.com
*Special Appearance Pursuant to L.R. 83.1*

Jack R. Wilson IV
**FISH & RICHARDSON P.C.**
1000 Maine Ave SW
Washington, D.C. 20024
Tel: (202) 626-6415
jwilson@fr.com
*Special Appearance Pursuant to L.R. 83.1*

***Attorneys for Defendants***
***Lenovo PC HK Limited, Lenovo (United States)***
***Inc., and Motorola Mobility LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2024, the foregoing document was served upon all counsel of record via the CM/ECF system.

*/s/ Raymond M. Bennett*
Raymond M. Bennett